UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL CORPORATION<br>Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL,<br>Defendants. | ) | |

# EXHIBIT B

**to**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT GREG VENTURI'S MOTION TO DISMISS OR TO TRANSFER**

From

GREG J. VENTURI
*Attorney-at-Law*
*1533 1/2 Centinela Ave.*
*Santa Monica, CA 90404*
*(310) 828-4000*
*Fax No. (310) 821-0960*
*Greg.Venturi@yahoo.com*

February 14, 2008

RECEIVED
FEB 19 2008
VETTER & WHITE

The Hon. William E. Smith
U. S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exchange Terrace
Providence, R. I. 02903

RE: Progressive Gaming International, Inc. v. Venturi and Ferl CA No. 08-013/S

Dear Judge Smith:

I am writing to you at the suggestion of Douglas White, Esq., who represents Hasbro Corporation in a matter entitled Hasbro v. Mikohn C.A. No. 05-106S which you presided over, and which is settled, but under your jurisdiction pending final payment by Mikohn, now Progressive Gaming International, Inc. Mr. White is willing to meet with the Court in chambers on the same day, prior to, or after the motion under 12 b)2 and b) 6) is heard, Mr. Daly or Connoly, Vetter and White, the attorneys for the Plaintiff in the above referenced matter, and myself, to see if it is possible to end, by abatement, or dismissal, a case which is the subject of a settlement and RELEASE in the above mentioned case, also assigned to your court.

The renvoir or circuity, inefficiency, of continuing an action which is likely ultimately to prove to be contrary to public policy, an intentional interference with contractual relations, and/or a breach of the Hasbro Settlement agreement in the Hasbro v. Mikohn matter is the reason for requesting the in chambers conference.

I will be attempting, by early meeting of counsel, to obviate the need for such a conference, and am hopeful that this entire matter will be reconsidered by opposing counsel. For that reason, I am providing my research below, relative to what I regard to be the fact that statutory and case law ultimately provides indemnification for John Ferl, the "undisclosed Principal" of the Finders Fee Agreement, and Greg Venturi, who is, in fact, the agent of the agent of Hasbro. Obviously, if this Court fails to dismiss, a complaint and cross-complaint would emanate, for breach of the settlement agreement against Progressive, and for indemnification against Hasbro, respectively.

A. Cal. Civil Code Section 2775 states:

"An agreement to indemnify against the acts of a certain person, applies not only to his acts and their consequences, but also to those of his agents."

B. Interpretation: In California, there is no strict construction against the indemnitee where The indemnitee is not negligent See *DeWitt v. Western Pacific Railway Co. (1983) 719 F. 2d* 1448.

C. In Rhode Island the general rule is well settled that a principal must indemnify his agent against the consequences of all acts legally and reasonably done by him in the execution of his Agency. *Manderville v. Pooler (1938)* (1938) 198 A. 235

D. D.C.J.S. Section 300 states: The law implies a promise of indemnity from a principal to an agent for any damages resulting from the acts of the agent in the good faith execution of that agency.

E. Agent of an Agent- Rest. 2d Agency Section 406:

"An agent may be liable to his principal for acts of an authorized sub-agent and the sub-agent owes duties to both principal and agent *Petersen v. Lyden* (1939) 139 CA 303, 33 P2d 1030

I conclude from the foregoing that I, as an agent of John Ferl, who was an agent of Hasbro, am a releasee under the settlement in the matter of Hasbro v. Mikohn, and that therefore, the above referenced action is a breach of the settlement agreement, for which I would ultimately be en-titled to indemnification from the settling party, Hasbro. Inasmuch as the Hon. William E. Smith still has jurisdiction and power over the parties in the Hasbro v. Mikohn matter, it seems to me that he can keep a breach of the settlement agreement from mounting into untold expense for Hasbro, and its agents, who entered into the settlement in good faith. Of course, if there is some conduct not mentioned in the complaint that would suggest that I was not acting in good faith, I have yet to see it pleaded, or mentioned, and will, of course, broach the subject at early meeting of counsel, and thereafter let the court know whether either the conference chamber meeting, or the hearing of the motion, or both can be obviated.

In the meantime, I would greatly appreciate the Court's notice that: a) there is a related case, b) it has jurisdiction in the Hasbro v. Mikohn, and that c) it has the power, in the interest of justice, to abate the above referenced matter.

Since I will expect to travel from California to Rhode Island for the hearing, I would greatly appreciate that any chambers conference be set on the same day.

Very truly,

GREG J. VENTURI

TO: cc: Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

Todd D. White
Adler, Pollock & Sheehan, P.C.
One Citizen's Plaza Eighth Flr
Providence RI 02903 (401) 351-4607