Please Conform

Greg J. Venturi
Attorney-at-Law Bar No. 37313
1533 ½ Centinela Ave.
Santa Monica, CA 90404 (310) 828-4000 Fax No. (310) 821-0960
Greg.Venturi@yahoo.com

In Propria Persona

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.** | **C. A. No. CA 08 013S** |
| | **Hon. William E. Smith** |
| **Plaintiff,** | **DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS** |
| **vs.** | |
| **GREG VENTURI and JOHN FERL** | |
| **Defendants.** | **Date: May 7, 2008** |
| | **Time: 9:30 a.m** |
| | **Dept. Ctrm 2** |

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

## I. INTRODUCTION.

In opposing Defendant's Motion to Dismiss, Plaintiff has done more to obfuscate than to explain the sufficiency of, and point to appropriate facts of the complaint. PGIC has:

A) omitted to cite Rhode Island's legislative intent in passing its "long arm statute," which was to preserve Rhode Island as a forum for **Rhode Island residents**; (Plaintiff is a Nevada Corporation)

B) cited dubious Massachusetts case law and omitted to cite directly on point Rhode Island Case law which makes it clear that a single contract, with no showing of intent to use the Rhode Island marketplace isn't enough for personal jurisdiction;

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed in the law offices of Greg J. Venturi, Esq, my business address is 1533 1/2 Centinela Ave., Santa Monica, CA.

On March 31, 2008, I served the following document(s) on the party or parties listed below:

**Defendant's Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

___ I sent such document by facsimile machine (310) 828-4000 on , 2006 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

__X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below, on June 3, 2005

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

The Hon. William E. Smith
U.S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exhange Terrace
Providence, RI 02903

John A. Ferl
501 Herondo # 4
Hermosa Beach, CA 90254

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 31 st day of March, 2008 at Los Angeles County, California

[signature]
GREG J. VENTURI

orig

Greg J. Venturi
Attorney-at-Law Bar No. 37313
1533 ½ Centinela Ave.
Santa Monica, CA 90404 (310) 828-4000 Fax No. (310) 821-0960
Greg.Venturi@yahoo.com
In Propria Persona

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **GREG VENTURI and JOHN FERL** <br><br> **Defendants.** | **C. A. No. CA 08 013S** <br> **Hon. William E. Smith** <br><br> **DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO HIS MOTION TO DISMISS** <br><br> **Date: May 7, 2008** <br> **Time: 9:30 a.m** <br> **Dept. Ctrm 2** |

## I. INTRODUCTION.

In opposing Defendant's Motion to Dismiss, Plaintiff has done more to obfuscate than to explain the sufficiency of, and point to appropriate facts of the complaint. PGIC has:

A) omitted to cite Rhode Island's legislative intent in passing its "long arm statute," which was to preserve Rhode Island as a forum for **Rhode Island residents**; (Plaintiff is a Nevada Corporation)

B) cited dubious Massachusetts case law and omitted to cite directly on point Rhode Island Case law which makes it clear that a single contract, with no showing of intent to use the Rhode Island marketplace isn't enough for personal jurisdiction;

C) omitted to comment upon language in its own complaint which essentially admits that Defendant Venturi's "defamation" is nothing more than an **opinion** by a lawyer about accounting procedures,

D) omitted to point to **any** language in the complaint which shows that Defendant Venturi assisted in the underlying litigation, and on the contrary, attempted to introduce a Finder's Fee Agreement which shows NO DUTIES to aid or assist in the litigation, and places sole discretion in Hasbro.

E) incorrectly opines that Defendant Venturi is arguing that Defendant Ferl did something champertous, when the fact remains that the only information provided by Defendant Ferl was given BEFORE the underlying litigation was filed; and the Finder's Fee Agreement has not a single duty by him to "assist" in the litigation. Accordingly, Defendant and Moving Party replies to point out the shortcomings in the Plaintiff's opposition.

## II DISCUSSION.

### A. RHODE ISLAND'S "LONG ARM STATUTE" WAS ENACTED TO BENEFIT RHODE ISLAND RESIDENTS, NOT NEVADA RESIDENTS.

*Morel es Rel. Moorehead v. Est. of Davison* 148 F.S. 2d 161 (2001 D.R.I.) stated, at page 166:

"The Rhode Island Gen. Assembly consciously enacted the State's "long arm statute" to preserve Rhode Island as a forum, to the extent permissible, under the constitution, for the adjudication of **claims made by Rhode Island citizens** allegedly injured by non-residents." Here, Plaintiff has it backwards, and is attempting to use the long arm statute for the adjudication of a claim it, a Nevada resident, has against



ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

non-residents (who contacted, and entered into **one** agreement with a Rhode Island corporation, Hasbro).

**B. RHODE ISLAND LAW QUITE CLEARLY REFLECTS LACK OF PERSONAL JURISDICTION, WHEREAS THE OTHER STATE LAW CITED BY PLAINTIFF IS DISTINGUISHABLE, AND/OR INAPPLICABLE.**

**1) the Rhode Island cases**

The Rhode Island cases which are submitted to be directly on point are:

*Barry v. Mortgage Servicing Ag. Corp.* 909 F.S. 65 ( D.R.I. 1995) Defendant's conduct in the state must form an important, or at least material element in the case. Here, Defendants' conduct occurred in California, PRIOR to the underlying litigation; and Plaintiff has not cited a single FACT avering that any tort occurred, either in Rhode Island, or elsewhere.

*Dynamic Concepts, Inc. v. Modern Chain Mfg. Co.* 610 F. S. 285 (D. C. R. I. 1985) entering into a contract with a resident of the forum state cannot alone confer jurisdiction. The court must look at: a) "future consequences" which are the "real objects of the business transaction" and b) the terms of the contract and the "actual course of dealing." In that case, the structured relationship reflected a consistent course of connection as to sales and orders, with an obligation to remit regular payments to the forum state; and an intent to continue to sell jewelry in the forum state. No such continued or continuing transactions are reflected in the "Finders fee Agreement here. On the contrary, Defendants are not obliged to do anything in Rhode Island, or at all, with litigation, and Hasbro has the sole discretion as to when, where, and whether to litigate. No fact is avered in the complaint which states that either defendant was obliged to, or did assist in the litigation. The reason



ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

for this is that a) the agreement does not obligate either of them to assist in the litigation; and the facts are that they did not.

In *Demirs v. Plexicraft, Inc.* 754 F. S. 250 (D.R.I. 1990 the breach of an employment contract wherein the Plaintiff worked for the Defendant corporation for 20 years out of a home office in Rhode Island and where the Defendant regularly sent payments to Rhode Island was deemed sufficient for personal jurisdiction. Here, to the contrary, neither the duration (or lack thereof) of the contact with Rhode Island or payments to Rhode Island that existed in the Plexicraft case occurred. Here, performance occurred before the underlying litigation, in which defendants were not contractually obligated to assist in, and did not assist, or participate in, except at the insistence of Mikohn, that they be deposed, without material information about the suit; and no payments were received by Defendants in Rhode Island.

*Levinger v. Mathews Stewart & Company* 676 F.S. 437 (1988 D.R.I.) *Brian Jackson & Company v. Eximias Pharmaceutical* 248 F.S. 2d 31 (D.R.I. 2003) and *Burger King v. Rudzewicz* (1985) 471 W 462, 85 LED 2d 528, 105 S. Ct. 2174 discuss the "purpose avail" concept. The "purpose avail" rationale requires a defendant to inject itself into the local economy of the forum as a market participant. No such injection occurred here, and no facts are alleged in the complaint from which such an injection might be inferred.

**2) the cases cited by Plaintiff:**

*Newak v. Tak Mow Investments, Ltd.* 94 F. 3d 708 (First Cir. 1996), cited by Plaintiff in its opposition, involves the Mass. "long arm statute," not Rhode Island's. It involved

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

a Defendant foreign hotel (Hong Kong) which solicited Plaintiff's (Mass.) company and its employees since 1992. The Plaintiff was a Mass. resident who drowned in a hotel pool on Sept. 18, 1993. The defendant advertized the hotel in international and national publications, some in Mass. and lists hotel guides in Mass. Personal jurisdiction was found. However, again, the Plaintiff is a forum state resident, unlike the facts here, and the defendant has a long term involvement in the economy of the forum state. That is not the case here, nor is it alleged. Plaintiff's **argument** in its opposition, to the effect that the convenience of Hasbro witnesses is to be considered is a) not a conclusion which can be inferred from the complaint, and b) simply not true. The "Finder's Fee Agreement" and the correspondence related thereto can be established without Hasbro, and are already referred to in the proceedings of this matter.

**C. PARAGRAPH 32 0F THE COMPLAINT, AND THE LACK 0F FACTUAL AVERMENTS 0F TORT DOOMS THE COMPLAINT TO AN EARLY DISMISSAL.**

Unfortunately for Plaintiff, nothing in any of the documents provided reflect any tort; and to the contrary tend to show or show the lack of any assistance in the underlying litigation or defamation. Moreover, as was stated in the moving papers by this moving Defendant, Paragraph 32 of the complaint shows this Court that the writings complained of simply do not rise (or perhaps more accurately, sink) to the level of defamation. In the first place, the language used in Paragraph 32, perhaps as a "freudian slip" that even the Plaintiff thinks Defendant Venturi's remarks were opinion. Secondly, there is nothing in the complaint avering any **false** statement

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

of material **fact**. Third, there are no facts which show how, or in what manner the **conclusions** recited therein are reflective of any facts.

Fourth, and it is submitted, keynote, the statute of limitations is attempted to be countered by an **argument** by Plaintiff to the effect that the appropriate statute is a "discovery" statute. However, nowhere in the complaint is there any allegation to the effect that, for example, "Plaintiff failed to discover the tort(s) until, (such and such) date. Thus, Plaintiff again argues, but fails to factually allege in its complaint.

**D. NEITHER THE COMPLAINT NOR ANY 0F THE EXHIBITS TENDERED PROVIDE FACTS TO SUPPORT THE CONCLUSIONS IN THE COMPLAINT 0F CHAMPERTY OR OTHER TORT.**

Plaintiff, in opposing the Motion to Dismiss **argues** that champerty occurred. However, the case it cites clearly indicates that the Defendant(s) must provide "assistance" in the litigation. The facts are that they did not. It is also a fact that the complaint does not even say that either defendant assisted in the litigation, notwithstanding Plaintiff's **argument** to the effect that they did. As mentioned, the "Finders Fee Agreement" has no duty in it for either defendant to "assist" in any litigation if instituted, at Hasbro's "sole discretion." Moreover, neither defendant did anything after the underlying suit was commenced except to comply with **Mikohn's** subpoena requests; and no **facts** are alleged to that effect in the complaint

## III. CONCLUSION.

This is not a situation where the Court should invoke Rhode Island's long arm statute to find personal jurisdiction. It is also not a case where a well argued opposition ought to "save" a poorly drafted Complaint. The Complaint itself not only contains no facts

ATTORNEY-AT-LAW
204 BICKNELL
SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

to support its naked conclusions of tort, it, at paragraph 32, appears to **admit** that the claimed defamation is an opinion. Moreover, its attempt to bolster the shortcoming of the complaint with exhibits is a) objectionable from an evidentiary standpoint, and b) does nothing to support the conclusions of the complaint. On the contrary, the exhibits show no contractual duty to assist, and no false statement of material fact, whatsoever.

Finally, as was pointed out in the moving papers, this complaint, if required to be answered, would give rise to cross-complaints for breach of contract and for breach of a release agreement in the underlying case. Such a "renvoir" where Hasbro and Mikohn have agreed to settle their differences seems counterproductive to such an intent, and unduly, if not wastefully time consuming, to the benefit of the attorneys being paid on an hourly basis, and to the detriment of the defendants named herein. Accordingly, the complaint should be dismissed without leave to amend, and if not, transferred to California or Nevada, which is a closer forum for both parties to this litigation, at the expense of the Plaintiff.

Dated: March 30, 2008

Respectfully submitted,

GREG J. VENTURI, in propria persona

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed in the law offices of Greg J. Venturi, Esq, my business address is 1533 1/2 Centinela Ave., Santa Monica, CA.

On March 31, 2008, I served the following document(s) on the party or parties listed below:

**Defendant's Reply Brief to Plaintiff's Opposition to Motion to Dismiss**

___ I sent such document by facsimile machine (310) 828-4000 on , 2006 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

__X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below, on June 3, 2005

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

The Hon. William E. Smith
U.S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exhange Terrace
Providence, RI 02903

John A. Ferl
501 Herondo # 4
Hermosa Beach, CA 90254

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 31 st day of March, 2008 at Los Angeles County, California

GREG J. VENTURI