John A Ferl
501 Herondo # 4
Hermosa Beach, CA 90254
In Propria Persona

UNITED STATES DISTRICT COURT
DISTRICT 0F RHODE ISLAND

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GREG VENTURI and JOHN FERL**<br><br>**Defendants.** | **C. A. No. CA 08 013S**<br><br>**CROSS-CLAIM**<br><br>**1. Breach of Contract**<br>**2. Negligent interference with Contractual Relations**<br>**3. Intentional Interference with Contractual relations** |
| **JOHN A. FERL**<br><br>**Cross-Claimant**<br><br>**vs.**<br><br>**PROGRESSIVE GAMING INTERNATIONAL, INC. and HASBRO, INC.**<br>**Cross-Defendant** | |

**I. Parties.**

1. Cross-Claimant, John A Ferl, is a California Citizen, and residing therin.

2. Cross-claimant is informed and believes, and on such basis alleges, that Cross-Defendant, Progressive Gaming International, Inc. is a Nevada Corporation with its principal place of business in Las Vegas, Nevada; and is the successor in interest to Mikohn Gaming Corporation (Progressive Gaming International, Inc. and Mikohn Gaming Corporation, hereinafter referred to as "Mikohn."

3. Cross-Defendant, Hasbro, Inc. is a Rhode Island Corporation, duly licensed and residing in Rhode Island.

**Facts common to all Causes.**

4. Cross-Claimant entered into a finder's fee agreement with Cross-Defendant, Hasbro, Inc., a copy of which is attached hereto, and by this reference, incorporated Herein as Exhibit "A," on the date shown thereon.

5. Cross-Defendant Hasbro, Inc. commenced litigation against Cross-Defendant Progressive Gaming, etc. (PGIC) which was settled; and Cross-Defendant, Hasbro was the prevailing party.

6. Cross-Defendant PGIC commenced a suit in Rhode Island against Cross-Claimant, despite having settled with Cross-Defendant Hasbro, Inc.

7. Cross Claimant is informed and believes that the suit Cross-Defendant commenced against Cross-Claimant was brought to punish, deter and harass Cross-Claimant and those presently employed or past employees of PGIC who "blew the whistle" on PGIC, and provided information which led to the aforesaid settlement.

FIRST CAUSE 0F ACTION FOR BREACH 0F CONTRACT AGAINST CROSS-DEFENDANT, HASBRO, INC.

8. Cross-Claimant refers to Paragraphs 1-8 hereof, and by this reference, incorporates the same herein, as though set forth in full.

9. Cross-Claimant and Cross-Defendant entered into the finder's Fee Agreement attached hereto, marked Exhibit "A," and incorporated herein. Cross-Defendant had a duty thereunder to hold Cross-Claimant harmless, and to defend him. Hasbro breached said agreement by failing and refusing to defend Cross-Claimant against the suit brought by Cross-Defendant PGIC against him.

10. As a direct and proximate result of Cross-Defendant Hasbro, Inc.'s aforesaid failure and refusal, Cross-Claimant has been damaged and incurred expenses to defend said suit, the full extent of which Cross-Claimant is not fully aware. Cross-complainant will amend this suit when the same have been ascertained.

SECOND CAUSE 0F ACTION FOR NEGLIGENT BREACH 0F CONTRACTUAL RELATIONS AGAINST CROSS-DEFENDANT, PGIC

11. Cross-Claimant refers to Paragraphs 1-10 hereof, and by this reference incorp-



TEL: 310 828-4000 FAX: 310 828-4000

orates the same herein, as though set forth in full.

12. Cross-Defendant, PGIC, negligently interfered with the contractual relations between Cross-Claimant and Hasbro, Inc. in that Cross-Claimant is informed and believes, and on the basis of such information and belief, alleges that Cross-Defendant PGIC knew, or should have known that in settling with Hasbro, Inc., in the underlying case, it released Hasbro and its agents, and/or agents of Hasbro's agents, including Cross-Claimant herein, and the complaint filed by PGIC against Cross-Claimant therefore interferes with Cross-Claimant's agreement with Hasbro, Inc.; and knew, or should have known that Hasbro, Inc. had secured a substantial settlement and was the Prevailing party in the underlying suit.

13. As a direct and proximate cause of said interference, Cross-Claimant has been harmed and damaged, and has and will incur expenses to defend, the full extent of which has not yet been ascertained, and Cross-Claimant will amend this Cross-Complaint when the same have been ascertained.

THIRD CAUSE 0F ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST PGIC

14. Cross-Complainant refers to Paragraphs 1-10 and 13 hereof, and by this reference incorporates the same herein, as though set forth in full.

15. Cross-Complainant is informed and believes, and on such basis alleges that Cross-Defendant PGIC intentionally interfered with the finder's fee Agreement between Cross-Complainant and Hasbro, Inc. by bringing this action with malice and intent to harm, and with the intent to deter, punish and harass Cross-Complainant; And said Cross-Defendant knew full well that it had entered into a release and settlement agreement with Hasbro, Inc. in the underlying case referred to by Cross-Defendant in its Complaint; and knew that Hasbro, Inc. was the prevailing party and had secured a substantial settlement in the underlying suit.

WHEREFORE, Cross-Complainant prays for:

1. Damages on his first cause of action.
2. Damages attorneys fees, punitive and exemplary damages on his second cause of

action.

3. Such other and further relief, as to the court seems just.

Dated: May 20, 2008

JOHN A. FERL, In Propria Persona



TEL: 310 828-4000 FAX: 310 828-4000

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed at 501 Herondo, # 4, Hermosa Beach, CA 90254

On May 21, 2008, I served the following document(s) on the party or parties listed below:

**Defendant's letter to Judge Smith, Answer and Cross-Claim**

___ I sent such document by facsimile machine (310) 828-4000 on , 2006 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

__X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

__X_ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below, on Greg J. Venturi

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

The Hon. William E. Smith
U.S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exhange Terrace
Providence, RI 02903

Greg J. Venturi
(hand-delivered)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 21 st day of May, 2008 at Los Angeles County, California

[signature]

JOHN A. FERL