Greg J. Venturi
Attorney-at-Law Bar No. 37313
1533 ½ Centinela Ave.
Santa Monica, CA 90404 (310) 828-4000 Fax No. (310) 821-0960
Greg.Venturi@yahoo.com

In Propria Persona

UNITED STATES DISTRICT COURT

DISTRICT 0F RHODE ISLAND

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GREG VENTURI and JOHN FERL**<br><br>**Defendants.** | **C. A. No. CA 08 013S**<br>**(Hon William E. Smith)**<br><br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL MEMORANDUM**<br><br>**Date: No hearing set**<br>**Time**<br>**Dept.** |

## I. INTRODUCTION.

Defendants' Motions to dismiss were heard on May 7, 2008. In late April, while Defendant Greg Venturi was in London, the Plaintiff's submitted *Hannon v. Hesse,* a Massechutsetts U.S. Court of Appeals case decided on April 28, 2008 to the Court, unbeknownst to Plaintiff; and at the hearing, the Court apparently surprised Plaintiff with the suggestion that a substantial settlement in favor of Hasbro, Inc., of which he was aware, seems to obviate the claim of Plaintiff for Champerty and maintenance. Plaintiff has moved the Court for leave to file a supplemental memorandum, and Defendant, after reviewing the 1830 case of State v. Chitty, 1 Bail. 379, 1860 WL 1234 (S.C. 1830) opposes on the grounds that a*) Hannon* does not stand for the proposition



TEL: 310 828-4000 FAX: 310 828-4000

that Plaintiff is entitled to personal jurisdiction, b) that *Chitty* does not speak to the need for Plaintiff to plead FACTS which show Champerty and Maintenance, and c) that the failure of Plaintiff to plead any **facts** which show a tort of Champerty and Maintenance, or Libel, requires the Court to sustain Defendant's motion to dismiss.

## II. DISCUSSION.

### A. THE FACTS NECESSARY TO ESTABLISH CHAMPERTY AND MAINTENANCE HAVE NOT BEEN PLEADED BY PLAINTIFF

*Kelly v. Blanchard* (1912) 34 R.I 57, 82 Atl 728 and *Osprey Inc. v. Cabana Ltd.* 532 S.E. 2d 269 (S.C. 2000) require, as an element of the tort of champerty and maintenance, that the Defendant be a financier of the litigation. The latter case indicates that a substantial settlement in favor of the plaintiff in the underlying case, in this case, Has-Bro, Inc., is evidence that a necessary element of the tort is lacking. *Osprey* cites *Chitty,* and the 2002 *Tosty Farms* case cites *Kelly* favorably. The Court will recall That the *Tosty Farms* case involved a defendant lawyer who paid for the legal secret-Arial work, and who had the right to approve settlement. Here, neither defendant has acted as a financier, Hasbro had the sole discretion as to where and whether to bring The suit, and although the complaint is silent as to the substantial settlement in favor of Hasbro, Inc. in the underlying case, this Court is certainly aware of it, having been assigned it, and having been made aware of that settlement, which is still pending. Furthermore, it should be noted that *State v. Chitty* is a criminal case involving criminal case involving criminal barretry, and all of its discussion regarding champerty and maintenance is **dicta.** It should also be noted that in 1997, Massechutsetts rejected





TEL: 310 828-4000 FAX: 310 828-4000

champerty and maintenance completely. See *Saladini v. Richellis* (1997) 426 Mass 231, 687 N.E. 2d 1224. Finally, it is important to note that in *Osprey,* supra, a copy of which is attached, there is clear language to the effect that the champertor must under-Take to carry on the litigation at his own expense; and that a "a substantial settlement is evidence that the underlying lender liability claim was valid and not brought friv-olously or with wrongful intent." p. 279.

**B. THE HANNON CASE DOES NOT PROVIDE PLAINTIFF HERE WITH AUTHORITY FOR PERSONAL JURISDICTION.**

In addition the more numerous contacts present in the *Hannon* Case than are true here, Rhode Island has its own case law which is more inclined to look at the overall Impact on the state economy. It is also important to note that in *Hannon* , Ms. Hesse, Another individual seeking personal jurisdiction was denied it, because she only showed six denials which she did not initiate. Here, Defendants contacts are fewer than Ms. Hesse, who, unlike Hannon, was found **not** to have personal jurisdiction. On the other hand, Hannon alleged that the state official, Beard, initiated contact (thereby purposefully availing himself, unlike Ms. Hesse) Thus, Ms. Hesse had no Initiation of contact, but more contact than Defendants have with Rhode Island. Also, the focus of the Rhode Island long arm statute is on entering the Rhode Island Marketplace, whereas the Massechutsetts long arm statute's focus is not on the entering of a commercial market. Massechutsetts seems to allow jurisdiction for any type of purposeful act, commercial or otherwise; and is therefore broader in scope than Rhode Island's.



TEL: 310 828-4000 FAX: 310 828-4000

Finally, Plaintiff seems to be not only forum shopping, but case shopping. For example, it cites Massechutsetts law as to personal jurisdiction, despite the fact that Massechutsetts banned champerty and maintenance in 1997; and ignores the the differences in the long arm statutes of the two states altogether. Even if the Mass. Long arm statute statute were identical to the Rhode Island long Arm statute, doesn't it seem more logical to use **only** the Rhode island long arm statute In Rhode Island, instead of referring to the Mass. Long arm statute? Defendant submits that Rhode Island is a big enough state to stand on its own.

Even if this Court opts to apply the Mass. Long arm rationale over the Rhode Island Rationale, it is important to look at the amount of contact or purposeful avail.

Hannon, in order to support jurisdiction, alleges:

> "Beard aughtized, directed, and/or effected his transfer from the Pennsylvania DOC to the Massachusetts DOC pursuant to compact. The Compact creates a five year agreement between the states, and outlines the specific procedures for transferring inmates. According to the terms of the Compact, Pennsylvania was required to send An application to Massachusetts requesting to transfer Hannon, arrange and pay for Hannon's transportation to a Massachusetts institution, transfer funds owed to Hannon To Massachusetts, furnish documents and provide legal advice as necessary to Mass-Achusetts, preauthorize and pay for Hannon's medical, psychiatric, and dental care or Treatment in Massachusetts, in turn, was obligated to make regular reports to Pennsyl-Vania on Hannon's conduct."

That's a lot of contact.

**In Contrast, Defendant Venturi had to do nothing, and did nothing, once the Finder's fee agreement was signed, in Rhode Island, (or anywhere else).**

## III. CONCLUSION.

Plaintiff has not pleaded sufficient **facts** to show a tort was committed, and it; has



TEL: 310 828-4000 FAX: 310 828-4000

not established sufficient facts to show it is entitled to jurisdiction under RHODE ISLAND's long arm statute. Accordingly the suit should be dismissed. If the Court finds the factually unsupported conclusion of champerty sufficient for 12 B 6 purposes, The fact remains that Plaintiff has not established personal jurisdiction.

Dated: May 20, 2008

Respectfully submitted,

GREG J. VENTURI, in Propria Persona

TEL: 310 828-4000 FAX: 310 828-4000

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed at 501 Herondo, # 4, Hermosa Beach, CA 90254

On May 21, 2008, I served the following document(s) on the party or parties listed below:

**Defendant's letter to Judge Smith, Opposition to Plaintiff's Motion**

___ I sent such document by facsimile machine (310) 828-4000 on , 2006 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

__X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

The Hon. William E. Smith
U.S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exhange Terrace
Providence, RI 02903

J. Ferl
501 Herondo # 4
Hermosa Beach, CA 90254

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 21 st day of May 2008 at Los Angeles County, California

Greg J. Venturi

TEL: 310 828-4000 FAX: 310 828-4000