UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL CORP., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | |

**PROGRESSIVE GAMING INTERNATIONAL, CORP.'S ANSWER TO JOHN FERL'S COUNTERCLAIM**[1]

Progressive Gaming International Corporation f/k/a Mikohn Gaming Corporation ("Mikohn") responds to the allegations of defendant John Ferl's "cross-claim" as follows:

**FIRST DEFENSE**

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.
2. Admits paragraph 2.
3. The allegations of paragraphs 3, 9 and 10 are not directed to Mikohn and no response is therefore necessary; to the extent a response may be deemed necessary to any of these paragraphs, Mikohn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs.
4. Answering the allegations of paragraph 4, alleges that John Ferl and Greg Venturi executed a contract with Hasbro, Inc. and/or Hasbro International ("Hasbro")

[1] Defendant Ferl mistakenly labels his counterclaim as a cross-claim, and mistakenly refers to counterclaim defendant Progressive Gaming International, Inc. f/k/a Mikohn Gaming Corporation ("Mikohn") as "cross-claim defendant." For the purposes of this answer, Mikohn treats Ferl's pleading as a counterclaim.

entitled "Finder's Fee Agreement." Except as so alleged, denies the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 5, alleges that Hasbro commenced litigation against Mikohn in February 2005. That action was resolved short of a full trial. Except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 6, alleges that Mikohn commenced this action against John Ferl in the United States District Court for the District of Rhode Island on January 9, 2008. Except as so alleged, denies the remaining allegations of that paragraph.

7. Denies paragraphs 7, 12, 13 and 15.

8. Repeats and realleges its responses to: paragraphs 1-8 in response to paragraph 8; paragraph 1-10 in response to paragraph 11; and paragraphs 1-10 and 13 in response to paragraph 14.

**SECOND DEFENSE**

9. Defendant's "cross-claims" fail to state a claim upon which relief may be granted.

**THIRD DEFENSE**

10. Defendant's "cross-claims" are barred by the doctrine of waiver.

**FOURTH DEFENSE**

11. Defendant's "cross-claims" are barred by the doctrine of laches.

**FIFTH DEFENSE**

12. Defendant's "cross-claims" are barred by the doctrine of estoppel.

WHEREFORE, Mikohn demands judgment dismissing with prejudice defendant Ferl's counterclaim plus an award of attorney's fees, costs and such further relief as this Court may deem appropriate for Mikohn.

Respectfully submitted,

/s/ Thomas Connolly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
Thomas Connolly, Esq., #7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: May 29, 2008

**CERTIFICATE OF SERVICE**

To:

John A. Ferl
501 Hernondo St. No. 4
Hermosa Beach, CA 90254

Greg J. Venturi, Esq.
1533-1/2 Centinela Ave.
Santa Monica, CA 90404

I hereby certify that I caused to be served on the above-named individuals a copy of the within Answer by mailing first class mail, postage prepaid, on May 29, 2008. I further certify that I electronically filed this Answer on May 29, 2008 and that it is available for viewing and downloading from the Court's Electronic Case Filing System.

/s/ Thomas Connolly