UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, CORP., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT GREG VENTURI'S MOTION TO DISMISS**

Plaintiff, Progressive Gaming International Corporation, f/k/a Mikohn Gaming Corporation (hereafter "Mikohn"), has alleged that defendant Greg Venturi committed, among other things, actionable champerty. At the May 7, 2008 hearing on Venturi's motion to dismiss, this Court raised the question of whether champerty required proof that the underlying lawsuit prompted by the allegedly champertous party was either frivolous or meritless. Defendant Venturi did not brief or argue this issue and, as such, Mikohn did not address it in its previously filed written submissions. On May 29, 2008, this Court granted Mikohn's motion for leave to file a supplemental memorandum to respond further to this Court's inquiry. Mikohn submits this supplemental memorandum demonstrating that champerty focuses on the motives and assistance of the allegedly champertous party, not on the frivolity or merits of the underlying lawsuit.

## DISCUSSION

In Rhode Island, champerty exists as it did under the common law of England in 1843, except where it has been modified by the legislature or local custom. Toste Farm

v. Hadbury, Inc., 798 A.2d 901, 905-06 (R.I. 2002). No Rhode Island champerty case has required proof that the underlying lawsuit was meritless or frivolous.

Shortly before the 1843 ratification of the Rhode Island Constitution, the South Carolina Supreme Court specifically addressed whether the common law doctrines of champerty, maintenance and barratry applied when the underlying lawsuit was just. State v. Chitty, 1 17 S.C.L. (1 Bail.) 379, 1860 WL 1234 *14-16 (S.C. 1830) (attached as Exhibit A). The Chitty court recognized that the purpose of champerty is to prevent disinterested third parties, whose "motive[s] were selfish, or oppressive," from "excit[ing] others to litigation…," regardless of the merits of the litigation. Id. at *15 (exhaustively reviewing the English common law). As the court explained, "[t]he books all agree…. A common mover and exciter of suits, &c. is a barretor, **without distinguishing between such suits as are just, and such as are unjust, and whether well, or ill-founded**." Id. at *14 (emphasis added). In this regard, the Chitty court analogized champerty to an act of bribery and asked rhetorically:

> Is the Judge, juror, or witness, who receives a bribe, or the seducer who tempted them, the less criminal, because, in the end, a private wrong may have been redressed, or a public offence punished? The temple erected and consecrated to Justice, is not … to be polluted with impunity, by those who would prostitute the rules regulating its police to base and unworthy purposes; although they may be associated with, and approach under the colour of right…. The monster compounded of fraud, and deceit, and knavery, is forbidden the sanctuary, in whatever guise he may present himself.

Id. at 15. See also Osprey, Inc. v. Cabana Limited Partnership, 532 S.E.2d 269, 274 (S.C. 2000) (recognizing that champerty was condemned under the English common law based, in part, on the premise that "litigation was, in itself, an undesirable and distasteful affair, **regardless of the merits of a lawsuit**.") (emphasis added) (citing Max Radin,

Maintenance by Champerty, 24 Cal. L. Rev. 48, 60-67 (1935)).[1] Thus, just as bribery is not excused even if it is for a benevolent or valid purpose, champerty is forbidden regardless of the merits of the incited litigation.

Moreover, the Chitty court recognized that there were common law limits on champerty where the disinterested third-party's motives were altruistic rather than selfish. Id. at 16. Clearly, however, Venturi's conduct was motivated by his desire for personal financial gain, not altruism.

Further allaying any concern over the impact of champerty and the modern practice of law, contingent or other fee arrangements are specifically excepted from the prohibition against champerty. R.I. Rule of Prof'l Conduct 1.8(j). The commentary to Rule 1.8(j) provides that "[The general prohibition against an attorney taking an interest in litigation], which has its basis in common law champerty and maintenance, is subject to specific exceptions developed by decisional law and continued in these Rules." Id. However, Venturi cannot take advantage of this champerty exception. First, Venturi's champertous acts arise by virtue of his conduct vis-à-vis Hasbro – not his client. Second, even if Venturi were attempting to serve as an attorney for Hasbro (which he was not), the professional rules prohibit attorneys from soliciting potential previously unknown clients "when a significant motive for the lawyer doing so is the lawyer's pecuniary gain." R.I. Rule of Prof'l Conduct 7.3. Therefore, Venturi's actions cannot be excused for any policy-based reasons.

[1] In opposing Mikohn's motion to file this supplemental memorandum, Venturi cites the South Carolina Supreme Court decision in Osprey, but provides the Court with the intermediate appellate court decision that was partially overruled. Even a cursory reading of both decisions, however, reveals that neither decision supports Venturi's arguments regarding the English (and Rhode Island) common law of champerty.

## CONCLUSION

Like the common law of England in 1843, Rhode Island's law on champerty does not require a showing that the underlying lawsuit was frivolous or without merit. Rhode Island has never excused the type of behavior that defendants Venturi and Ferl engaged in here. Accordingly, Mikohn's complaint states a claim of champerty upon which relief can be granted.

Respectfully submitted,

/s/ Michael J. Daly
Brooks R. Magratten, No. 3585
Michael J. Daly, No. 6729
Thomas Connolly, No. 7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com
tconnolly@vetterandwhite.com

Dated: May 29, 2008

**CERTIFICATE OF SERVICE**

To:

John A. Ferl
501 Hernondo St. No. 4
Hermosa Beach, CA 90254

Greg J. Venturi, Esq.
1533-1/2 Centinela Ave.
Santa Monica, CA 90404

I hereby certify that I caused to be served on the above-named individuals a copy of the within Memorandum by mailing first class mail, postage prepaid, on May 29, 2008. I further certify that I electronically filed this Memorandum on May 29, 2008 and that it is available for viewing and downloading from the Court's Electronic Case Filing System.

/s/ Michael J. Daly