JOHN A FERL
501 Herondo # 4
Hermosa Beach, CA 90254
In Propria Persona

SANTA MONICA, CA 90405
TEL: 310 828-4000 FAX: 310 828-4000

UNITED STATES DISTRICT COURT
DISTRICT 0F RHODE ISLAND

**PROGRESSIVE GAMING INTERNATIONAL, INC.**

**Plaintiff,**

**vs.**

**GREG VENTURI and JOHN FERL**

**Defendants.**

**JOHN A. FERL**

**Cross-Claimant**

**vs.**

**PROGRESSIVE GAMING INTERNATIONAL, INC. and HASBRO, INC.**

**Cross-Defendant**

**C. A. No. CA 08 013S**

**CROSS-CLAIMANT'S OPPOSITION TO CROSS-DEFENDANT HASBRO INC'S MOTION TO DISMISS**

**(NO DATE YET SET FOR HEARING)**

**<u>CROSS CLAIMANT, GREG J. VENTURI'S MEMORANDUM IN OPPOSITION TO HASBRO INC.'S MOTION TO DISMISS</u>**

## I. FACTUAL BACKGROUND.

This court is familiar with the underlying case of Hasbro, Inc. v. Mikohn Gaming, Inc., hereinafter refered to as "Hasbro v. Mikohn, which it helped to settle for a substantial amount on the first day of trial. Apparently, the settlement agreement is confidential, but the "court may be familiar" with its terms. Certainly, the amount in-

volved is neither trivial, nor one too small to conclude that Hasbro was, as it certainly is, the prevailing party.

In its moving papers, on the first line of page 2, Hasbro, Inc. **argues**, without the benefit of factual support, that it "was **compelled** to enter into a Finder's Fee Agreement with Mr. Venturi. That is simply untrue, as was apparent from the depositions that Mikohn **compelled** Messrs. Ferl and Venturi to take by subpoenaeing them in the underlying case. Neither Mr. Ferl or Mr. Venturi did (or alleged) anything suggest- either"**compel"(ed)** Hasbro to enter into a Finder's Fee Agreement. On the contrary, the Finder's fee agreement itself, at Paragraphs 6 (a), (b) and ( c) make it clear that Hasbro has the "sole and absolute discretion …"with respect to investigation and collection," (a); "to compromise, postpone or not pursue recovery of the same from Licensee," (b); and "Nothing in this agreement shall be deemed to create any obligation on the part of Hasbro with respect to investigation …collecting or settling…" Accordingly, Hasbro's **argument,** is outside the scope of the cross-claim, is in the nature of an affirmative defense, and is not unlike a "speaking demurrer."

The Finder's fee agreement provides a warranty that information provided by Mr. Ferl will not give rise to civil liability "against Hasbro or principal." Hasbro has **not** been named as a defendant herein, or had any civil liability assessed on it, true to the warranty contained in Section 3 (c) or the disclosure section ( c). Neither has Defend- dant. Hasbro **argues** that the warranty has been breached, but the facts reflect otherwise.

Most importantly, it should be pointed out that Hasbro, the moving party, blithely

cites the proviso in 4 (b) on the mistaken assumption that the defendants are being sued regarding a claim "based on information provided to Hasbro by Principal." That is simply not the case. With 20-20 hindsight, regarding the substantial settlement done with this Court's help in the underlying case (Hasbro v. Mikohn) and the complaint filed herein, it is clear that the Defendant Ferl is not alleged to have provided any defaming information a) because there is no allegation of slander, and b) because it is clear from the discovery in the underlying case that the only information he provided which could possibly be characterized as defamation was by word of mouth, that is to say, slander, and was not in writing (libel). Even if it were pleaded, the Statute of limitations has long since run on any slander claim. As the moving party admits, at pages 4 and 5 of its brief

"According to the Complaint filed by PGI, the claims against Mr. Ferl and/or Mr. Venturi emanated from:

31. ...Venturi (sending) letters to Hasbro stating that Mikohn had improperly Calculated royalties; and,

35. Venturi and Ferl's role in instigating the Hasbro lawsuit."

THERE ARE NO ALLEGATIONS 0F ANY KIND IN THE COMPLAINT WHICH DECRY ANY 0F THE "INFORMATION PROVIDED TO HASBRO BY PRINC-IPAL..."

Thus, paragraph 35 refers to conduct of the parties, not "information;" and this Court must infer, by its intimate knowledge of the settlement and release in the underlying case that there was nothing wrong with the information from the substantial Settlement reached by the parties in the underlying case. That is to say, the case at

Bar is NOT based upon the "information" provided by "Principal" (John Ferl), but Rather, upon a libel claim against Venturi (which he contends is not libel, in that it Is not a mis-statement of material fact, or a mis-statement, but rather an opinion, which is excluded as libel under Rhode Island Law; and a champerty and maintenance claim which is unfounded because neither defendant contributed to the expense of the underlying litigation AND there was a substantial settlement thereof.

Accordingly, Cross-Claimant opposes the motion to dismiss, as discussed below.

## II. DISCUSSION.

### A. THE STANDARD OF REVIEW MUST INCLUDE THIS COURT'S KNOWLEDGE THAT THERE WAS A SUBSTANTIAL SETTLEMENT IN THE UNDERLYING CASE, THAT THEREFORE: 1) THE CHAMPERTY AND MAINTENANCE CLAIM IN THE COMPLAINT IS UNFOUNDED, AND 2) THERE IS NO REASONABLE PROSPECT THAT THE CLAIMS ALLEGED IN THE COMPLAINT ARE BASED UPON (FALSE INFORMATION.

The standard for deciding a motion to dismiss for failure to state a claim on which relief may be granted is a high one, and must be scrupulously applied. At the same time, this Court is not oblivious to the substantial settlement in the underlying case. It should also be aware of the heavy costs of modern federal litigation and mounting caseload pressures on federal courts, which counsel against launching into pretrial Discovery if there is no reasonable prospect that Plaintiff can make out a cause of Action from events narrated in the complaint. See *Baker v. Westinghouse elec. Corp, 830 F. Supp. 1161 (S.D. Ind. 1993)*

The purpose of the rule for the dismissal of the complaint on the basis that it does not state a claim upon which relief can be granted is to allow the court to eliminate

actions which are fatally flawed. *Advanced Cardiovascular Systems, Inc.v. Scimed* Life Systems, Inc. 988 F. 2d 1157 (Minn 1993).

A close examination of the Hasbro Motion to Dismiss reveals that no case law has been cited by Hasbro for any of its argument related to the probability of success of the Cross-Claim for indemnity; and no reference whatsoever is made to the Complaint allegations First, when related to the allegations of the complaint, Hasbro's Motion to Dismiss stands for falls on the premise that PGIC's complaint is "based on information provided to Hasbro by Principal." (Par 4 (b) of the Finder'sFee Agreement. Accordingly, it is appropriate to again refer to the allegations of the Complaint. In doing so, it is important to note that the information provided by Ferl to Hasbro, Inc. is **not even mentioned in the complaint.** In point of fact, the only "information provided to Hasbro, Inc." by Defendant/Cross-Claimant Ferl is ORAL.

The statute of limitations for slander in Rhode Island had long since run when PGIC filed its suit, and the only writing alleged in the complaint is the reference to a Letter written by Venturi, which, it is submitted, is an opinion, as even PGIC alleges, in Paragaraph 32 of the Complaint. Therefore, Hasbro's posit to the effect that Defendant Ferl is being sued for information it supplied to Hasbro is not even available to Hasbro in the form of a motion to dismiss. Hasbro must allege affirmatively and prove that is the case.

Secondly, Hasbo's duty to defend in the event of "the negligent or malicious conduct of Hasbro in pursuit of collection from Licensee" (Paragraph 4 b) amounts to a negligent or other breach of the Finder's Fee Agreement under circumstances, as

appear to be present here (but may not be) where Hasbro failed to protect Principal {and principal's agent) in the preparation of the confidential settlement and release documents. That is to say, Hasbro should have insisted on language in those documents which protected Principal and his agent. If the documents are not worded to release them, Hasbro is liable to indemnify, due to its (negligent) breach of the Finder's Fee Agreement. As is true for proviso language of 4 (b) the Allegations of the Cross-Claim withstand a motion to dismiss, because the release either has the shortcoming of (negligently) failing to include Messrs Ferl and Venturi in the release, and/or PGIC/Mikohn, by filing its action, violated the terms of the settlement in the underlying case.

Thus, the only (mis)-information pleaded in the PGIC Complaint is the written statement of Defendant Greg Venturi; and information provided by Defendant Ferl is not even mentioned in the complaint. Moreover, there is no indication that any of the information furnished by Mr. Ferl to Hasbro was in the nature of mis-information; and the clear indication from the substantial amount of the settlement in the underlying case is that it was NOT mis-information.

Third, the cause of action for champerty and maintenance in the complaint is not based upon "information," it is based upon the (mis) conduct of the defendants, to wit: "officious intermeddling" in the form of assistance (sharing in the financing) of the underlying suit. As has already been briefed in Defendants' motions to dismiss, neither Defendant lent any of their funds to Hasbro to pursue the underlying suit; neither was obliged to assist in the suit; neither did; and neither had any right, oblig-

ation, or discretion under the Finder's fee agreement to do so. As spelled out by Hasbro in the Finder's Fee Agreement it drafted, Hasbro would go it alone in deciding whether to pursue, and pursuing Mikohn/PGIC.

Fourth, Hasbro, PGIC, their attorneys, and possibly this Court are aware of what the release in the underlying case provides as to Hasbro, it's agents, the Principal in the Finder's Fee Agreement, John Ferl, and his Agent, Greg Venturi. Obviously, since the terms of the Settlement Agreement and Release in the underlying case are more likely to be known to Cross-Defendant Hasbro than to Cross-Claimant Ferl, it is well settled, and to be expected by this Court, that the Cross-Claimant is less able to Plead with specificity information about the settlement agreement in the underlying Case than is Cross-Defendant, Hasbro.

## III. CONCLUSION.

As admitted by Hasbro in its moving papers, at pages 4 and 5 of its brief,

The gravamen of the complaint is based upon the conduct of the Defendants. It is NOT based upon any information provided by the principal (John Ferl) and is therefore not excluded from the indemnification proviso therein. On the other hand, Cross-Defendant Hasbro was responsible to indemnify Cross-Claiming Principal, John A Ferl, from its negligence, which is a breach of duty under the Finder's Fee agreement, if it failed to provide a broad enough release to keep PGIC from (prop-) erly suing Defendant(s) and Cross-Claimant(s) herein. Hasbo's entrance into the case with an answer will make it possible for it to do more than just argue, and rather to plead and prove: a) what it contends in its motion, and b) that the release

In the underlying case is broad enough to include Principal John Ferl and/or his Agent, Greg Venturi.

It follows therefore, that Cross-Defendant Hasbro's Motion to Dismiss should be denied.

Dated: June 24, 2008

Respectfully submitted,

JOHN A. FERL, in Propria Persona