UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL CORP., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | (Jury Demand) |

**PROGRESSIVE GAMING INTERNATIONAL, CORP.'S ANSWER TO GREG VENTURI'S COUNTERCLAIM**[1]

Progressive Gaming International Corporation f/k/a Mikohn Gaming Corporation ("Mikohn") responds to the allegations of defendant Greg Venturi's "cross-claim" as follows:

**FIRST DEFENSE**

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.
2. Admits paragraph 2 and 6.
3. The allegations of paragraphs 3, 9 and 10 are not directed to Mikohn and no response is therefore necessary; to the extent a response may be deemed necessary to any of these paragraphs, Mikohn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in those paragraphs.
4. Answering the allegations of paragraph 4, alleges that John Ferl and Greg Venturi executed a contract with Hasbro, Inc. and/or Hasbro International ("Hasbro") entitled "Finder's Fee Agreement." Except as so alleged, Mikohn lacks knowledge or

[1] Defendant Venturi mistakenly labels his counterclaim as a cross-claim, and mistakenly refers to counterclaim defendant Progressive Gaming International, Inc. f/k/a Mikohn Gaming Corporation ("Mikohn") as "cross-claim defendant." For the purposes of this answer, Mikohn treats Venturi's pleading as a counterclaim.

information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Answering the allegations of paragraph 5, alleges that Hasbro commenced litigation against Mikohn. That action was resolved short of a full trial. Except as so alleged, denies the remaining allegations of that paragraph.

6. Denies paragraphs 7, 12, 13 and 15.

7. Repeats and realleges its responses to: paragraphs 1-8 in response to paragraph 8; paragraph 1-10 in response to paragraph 11; and paragraphs 1-10 and 13 in response to paragraph 14.

**SECOND DEFENSE**

8. Defendant's "cross-claims" fail to state a claim upon which relief may be granted.

**THIRD DEFENSE**

9. Defendant's "cross-claims" are barred by the doctrine of waiver.

**FOURTH DEFENSE**

10. Defendant's "cross-claims" are barred by the doctrine of laches.

**FIFTH DEFENSE**

11. Defendant's "cross-claims" are barred by the doctrine of estoppel.

WHEREFORE, Mikohn demands judgment dismissing with prejudice defendant Venturi's counterclaim plus an award of attorney's fees, costs and such further relief as this Court may deem appropriate for Mikohn.

**Mikohn demands a jury trial on all issues so triable.**

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
Thomas Connolly, Esq., #7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: July 24, 2008

**CERTIFICATE OF SERVICE**

To:

John A. Ferl
501 Hernondo St. No. 4
Hermosa Beach, CA 90254

Greg J. Venturi, Esq.
1533-1/2 Centinela Ave.
Santa Monica, CA 90404

I hereby certify that I caused to be served on the above-named individuals a copy of the within Answer by mailing first class mail, postage prepaid, on July 24, 2008. I further certify that I electronically filed this Answer on July 24, 2008 and that it is available for viewing and downloading from the Court's Electronic Case Filing System.

/s/ Michael J. Daly