UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL CORP., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants and Third-Party Plaintiffs | ) | |
| v. HASBRO, INC. Third-Party Defendant | ) | |

**STIPULATION**

IT IS HEREBY STIPULATED, that to protect the legitimate interests of the parties and other persons (including non-parties) in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the undersigned parties agree as follows:

1) Subject to determination of the Court that the terms of this stipulation shall be treated as a Court Order, Hasbro shall produce to defendants Venturi and Ferl a copy of the Confidential Settlement Agreement and Mutual Release ("Release") executed in connection with the prior civil action entitled Hasbro, Inc. et al. v. Mikohn Gaming Corp., C.A. No. 05-106/S ("Prior Civil Action") and that Defendants Venturi and Ferl shall forever maintain confidentiality of the Release and its terms;

2) Continuation of Confidentiality. All Confidentiality or Attorneys Eyes Only designations made in the Prior Civil Action shall remain in effect. In the event that

such information or material is disclosed in the instant lawsuit, the undersigned parties shall treat such information or material consistently with the terms of the confidentiality order entered in the Prior Lawsuit.

3) Designation of Confidentiality. Any party to the instant action or other person or entity (including non-party responding to a subpoena from a party) that provides discovery materials or information (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition, through voluntary disclosure or through some other discovery device) or serves or files any papers in this action (hereinafter, "Material(s)") may designate such Materials as "Confidential." A designation of Confidential shall constitute a representation by the party or person or entity and its counsel that they, in good faith, believe that the material so designated contains or constitutes: trade secrets, confidential research and/or confidential commercial information. Any party to the above-captioned action may designate as Confidential any Materials produced by any non-party in accordance with the requirements of this paragraph 1, if the Materials are reasonably believed to contain material which is Confidential to the designating party.

4) Restrictions on the Disclosure of Material Designated as Confidential. Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

(a) counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this action;

(b) those persons who are either a party, officer, employee, and/or agent of a party that are reasonably necessary to assist counsel in the conduct of this action;

(c) independent experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by such persons), to the extent deemed reasonably necessary by counsel for the conduct of this action;

(d) any person, not a party, who is deposed or testifies in this action, or is to be deposed or to testify in this action (for purposes of preparation for such deposition or testimony), and counsel for such person, to the extent deemed reasonably necessary by counsel for the conduct of this action;

(e) the Court and other courts (including court staff and jurors); and

(f) court reporters, deposition transcript reporters and videographers.

Prior to the disclosure of Material which has been designated Confidential to those persons or entities authorized under paragraphs 8(b), (c) and (d) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Stipulation and any related Order, which he or she shall read. Upon reading the Stipulation and Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Stipulation and will abide by its terms (an "Exhibit A Certification"). Copies of signed Exhibit A Certifications shall be retained by counsel for the party obtaining them.

5) Resolution of Challenges to Designations. Entering into, agreeing to or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) prejudice in any way the rights of any party to apply to the Court for an Order that information designated as Confidential need not be treated as Confidential; (b) prejudice in any way the rights of any producing party or person to object to any discovery requests that seek information or documents that it considers not properly subject to discovery; (c) prejudice in any way the rights of a party to seek a determination of the Court that particular Materials should be produced; or (d) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order. No party to this action is obliged to challenge the protected status of any Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a non-designating party seeks to challenge the appropriateness of protected treatment of any Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis. In the event no agreement is reached, the non-designating party may seek an order removing the Confidential designation from the disputed Material. The non-designating party shall give no less than five (5) business days' written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other Material that counsel contends is not entitled to protection. The designating party or person shall bear the burden on any such application to the Court of demonstrating that the Materials are properly designated as Confidential and are entitled to such protection. Any

document, testimony or other Material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

6) Filing of Confidential Material Under Seal. In the event any Material designated Confidential is to be included in, attached to, disclosed, or is an exhibit to any brief, memorandum, affidavit, document or transcript which is to be filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party proposing to file such Material shall give notice to the disclosing party and shall reasonably cooperate with the disclosing party in filing a motion to seal such Material in accordance with local rules and orders governing such motions, and obtaining an order to seal, before such Material is filed.

When a party wishes to include in a filing a writing containing information that has been designated Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation **"CONFIDENTIAL INFORMATION REDACTED"** in the place(s) on the writing where the confidential information would have appeared.

7) Return of Confidential Material Upon Termination of This Action. Within 30 days after the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any Material designated Confidential and any copies thereof shall be returned to the designating party or person (except that counsel to the parties may retain copies of pleadings, correspondence and work product notwithstanding the

fact that such materials may contain information based upon, or derived from, Confidential); in lieu of having such Material returned, the designating party or person may elect to permit the receiving parties to destroy such Material, in which event the receiving parties shall certify in writing that all such Material has been destroyed within 30 days after the final conclusion of this action (including any appeals). The Court shall retain jurisdiction to enforce this Stipulation and any related Order after the conclusion of this action.

8) Further Protection or Relief from this Order. Nothing contained in this Order shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective order relating to (i) material designated Confidential, (ii) material which may not fall within the definitions of Confidential, (iii) any discovery in this case; or (b) from applying to the Court for any relief from any provision of this Order, on good cause shown. Nothing in this Order shall be construed as preventing any party from making application to the Court for revision or modification of the terms of this Order.

9) Inadvertent Production. Any inadvertent production of documents or other material containing privileged information ("Inadvertently Produced Privileged Document") shall not be deemed to be a waiver of the attorney-client privilege, work-product doctrine, or any other applicable privilege or doctrine. Each Party specifically reserves the right to demand the return of any Inadvertently Produced Privileged Document pursuant to the following protocol:

(a) the producing Party may, at any time before the commencement of the trial, but in no event later than fifteen (15) calendar days after the document is first marked as a deposition exhibit or identified as a potential trial exhibit, request the return of the Inadvertently Produced Document. Such a request must be made in writing and must identify the basis for the privilege claimed.

(b) If the Party that received the Inadvertently Produced Document agrees that it is privileged or protected (without regard to the fact that it was in fact produced voluntarily, if inadvertently), then, where reasonable and at the other Party's expense, the Inadvertently Produced Document and all copies shall promptly be returned to the producing Party or destroyed, and no reference to such document shall be made in any way during the course of this litigation and any appeal.

(c) If the Party that received the Inadvertently Produced Document does not agree that such document is privileged, produced inadvertently, or otherwise protected from disclosure, then it shall promptly notify the producing Party in writing so that the producing Party may seek an appropriate protective order. If the producing Party notifies the receiving Party of its intent to move for such a protective order, the Party that received the Inadvertently Produced Document shall not make any use of such disputed document, including, without limitation, the use of that document as a deposition exhibit, trial exhibit, or evidence in support of a pleading, brief, motion or other filing, until the issue of privilege is resolved.

10) Court Approval. The parties agree forthwith to file a joint motion with the Court requesting that the terms of this stipulation be entered as an order of the Court, and further agree that, regardless of Court action, this Stipulation shall be effective as if

entered as an Order of the Court and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had the full force and effect as an Order of the Court.

11) No Waiver. This Stipulation shall not constitute a waiver of either Party's rights under the Federal Rules of Civil Procedure or the Local Rules of this Court.

/s/ Todd White

Todd White, Esq., #5943
ADLER, POLLOCK & SHEEHAN, P.C.
Attorneys for Hasbro, Inc. and Hasbro International, Inc.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 274-7200
(401) 751-0604 FAX

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., #6729
Thomas Connolly, No. 7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 FAX

Greg Venturi, pro se
1533-1/2 Centinela Ave.
Santa Monica, CA 90404
greg.venturi@aol.com

John Ferl, pro se
501 Hermondo St. No. 4
Hermosa Beach, CA 90254
jfcrosswind@aol.com

Dated: 8/13/08 JF 8/15/08
8/25/08 - TW
MJD