UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL THE**
**<u>DEPOSITION TESTIMONY OF DEFENDANT JOHN FERL</u>**

Plaintiff, Progressive Gaming International Corporation, f/k/a Mikohn Gaming Corporation (hereafter "Mikohn"), moves to for an order compelling the deposition of defendant John Ferl.

Defendant's supporting memorandum is filed herewith. Defendant certifies that good faith efforts have not resolved the issues presented by this motion.

/s/ Thomas Connolly ___________
Brooks R. Magratten, Esq., No.3585
Michael J. Daly, Esq., No.6729
Thomas Connolly, Esq., No. 7497
VETTER & WHITE
Attorneys for Defendant
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: August 26, 2008

**CERTIFICATE OF SERVICE**

Greg Venturi
The Law Offices of Greg J. Venturi
1533 1/2 Centinela Avenue
Santa Monica, CA 90404

John Ferl
501 Herondo Street, No. 4
Hermosa Beach, California 90254

I hereby certify that I electronically filed the within Motion to Compel on August 26, 2008. The Motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Thomas Connolly

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION TESTIMONY OF DEFENDANT JOHN FERL**

**Introduction**

Plaintiff, Progressive Gaming International Corporation, f/k/a Mikohn Gaming Corporation (hereafter "Mikohn"), has alleged that defendants Greg Venturi and John Ferl committed defamation, tortious interference with contract, tortious interference with business relations and civil conspiracy and that defendants have been unjustly enriched.

Plaintiff attempted to depose Mr. Ferl in this matter on July 15, 2008 in Los Angeles, California. At plaintiff's deposition of Mr. Ferl, Mr. Ferl improperly refused to answer several questions.

**Facts**

The lawsuit centers on false and defamatory claims by Venturi and Ferl that Mikohn breached contracts with its former business partner Hasbro,Inc./Hasbro International (collectively "Hasbro"). Venturi and Ferl executed a Finder's Fee Agreement with Hasbro whereby Hasbro would pay Venturi and Ferl a percentage of money recovered by Hasbro for suing Mikohn.

Mikohn subpoenaed Mr. Ferl to appear at a Los Angeles law office for his deposition on July 15, 2008. Throughout Mr. Ferl's deposition, Mr. Ferl refused to answer numerous questions on issues such as: 1) the way the money from Hasbro was distributed between Venturi and Ferl, 2) the amount of money he received from Hasbro, 3) Mr. Ferl's history and educational background, 4) Mr. Ferl's current employment, 5) identifying information in relevant documents, and 6) ambiguities in Mr. Ferl's answers to interrogatories.

Specifically, Mr. Ferl was questioned about the distribution of money already received from Hasbro:

> A: I am not going to discuss the recovery from Hasbro.
> Q: What did you do with the money?
> A: I am not going to answer that.

Ferl Tr. at 29:24-30:2.

Mr. Ferl refused to answer questions about Venturi's cut of the money:

> Q: You have received payment from Hasbro; right?
> A: Yes.
> Q: How did you receive that payment?
> A: From Mr. Venturi?
> Q: What did Mr. Venturi say?
> A: In reference to what?
> Q: The payment.
> A: Only that he had received it.
> Q: Did Mr. Venturi then send you a check?
> A: Yes, he did.
> Q: Net of his fees?
> A: I think that's privileged?
> Q: So are you refusing to answer?
> A: I am.

Ferl Tr. 9:7-20

Mr. Ferl refused to answer questions about his education background:

> Q: Did you obtain a college degree?

> A: Yes.
> Q: Bachelors?
> A: Yes.
> Q: From where?
> A: We are not going there. I told you anything personal relating to financial assets I am going to refuse to answer. I think this is malicious prosecution, and I am not going to continue to give Mikohn, PGIC, any information about me that is going to come back to haunt me.

Ferl Tr. at 15:9-19.

Mr. Ferl refused to answer questions about handwritten notes made by Hasbro during its conversations with Mr. Ferl on documents that are central to the lawsuit:

> Q: Did you have further discussions with [Hasbro counsel Bruce Kelly] on February 11, 2005?
> A: I don't remember.
> Q: The number (702) 493-1516, is that your cell phone number?
> A: I am not going to answer that.
> Q: I am looking at notes – handwritten notes by Mr. Kelly at Hasbro. The word "sell" appears followed by the number (702) 493-1516. Is that information you gave Mr. Kelly?
> A: I am not going to respond to it.

Ferl Tr. at 33:19 – 34:4.

Mr. Ferl refused to answer questions about his Answers to Interrogatories, regarding his current employment:

> Q: Turning to Interrogatory No. 2. Interrogatory 2 part C you identify yourself as a consultant. What sort of consulting do you do?
> A: I am not going to answer that.
> Q: You indicate in response to Interrogatory 2(e) an hourly wage or salary earned of 130 dash 140k. Is that an annual income?
> A: I am not going to answer it.

Ferl Tr. at 33:6-13.

Mr. Ferl also refused to answer questions about his Answers to Interrogatories, regarding his conversations with former Mikohn employees from whom he was given information about the Mikohn/Hasbro contracts that he falsely claimed were breached:

> Q: Turning please to your answer to Interrogatory No. 13. You have some handwriting here. Some of it is crossed of. I am going to ask you what this means. The interrogatory asked "Identify all conversations regarding the licensing agreements that you had with Lawrence Ruhe, Dennis Van Hook, John Garner, Tom Haas, or any other Mikohn employee, and you've written none above Gardner, Haas, and other Mikohn employees; correct?
> A: What is your question?
> Q: Is that correct?
> A: Yes.
> Q: But you acknowledge you did have conversations with Ruhe and VanHook; correct?
> A: Correct.
> Q: Are you going to supply an answer to that interrogatory?
> A: I thought I answered it. I did have conversations.
> Q: There are subparts here that ask for the substance of the conversations, the manner in which the conversations were made, the dates of the conversations, and so forth.
> A: The answer would be, no, I am not going to respond to it.

Ferl Tr. at 41:11 - 42:11.

Mr. Ferl's deposition was taken in person in California and required that Mikohn fly an attorney cross-country to California to conduct the deposition. Mr. Ferl's persistent refusal to answer proper questions throughout the deposition seriously limited the utility of the deposition.

## Discussion

Mr. Ferl's repeated refusals to answer relevant questions in his deposition are in violation of the Federal Rules of Civil Procedure. This Court recently addressed similar conduct by a defendant, stating:

> Rule 30(d)(1) explicitly states that: "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed.R.Civ.P. 30(d)(1).

Southgate v. Vermont Mut. Ins. Co., 2007 WL 1813547 (D.R.I. 2007). "Except when protecting a privilege, or in extraordinary circumstances not present here, counsel cannot

prevent witnesses from answering questions. Instead, counsel must make their objections on the record and rely on the court to rule upon the objections if the parties use the deposition in later proceedings." Id. (quoting J.C. v. Soc'y of Jesus, Oregon Province, No. CO5-1662JLR, 2006 WL 3158814, at *6 (W.D.Wash. Oct. 27, 2006)). "Under the rules pertaining to the conduct of depositions ... a party is ordinarily not permitted to instruct a witness not to answer questions based on a relevance objection." Id. (quoting Barnes v. Bd. of Educ., No. 2:06-cv-0532, 2007 WL 1236190, at *3 (S.D.Ohio Apr. 26, 2007)).

In Southgate, the plaintiff sought deposition testimony of the defendant insurance company's insurance adjuster regarding his opinion to the insurance company that certain water damage was not a covered loss. Id. at *5. The insurance company's counsel instructed the insurance adjuster not to answer despite the fact that the information sought was not privileged, arguing that plaintiff was improperly seeking a legal opinion regarding the policy language. Id. The Court held that the instruction not to answer was improper and that, even if the adjuster's testimony were impermissible, the proper course would have been to object to the question but to permit the adjuster to answer. Id. at *6. The Court rejected the insurance company's contention that the question created a hostile deposition environment, stating that "[i]f a 'hostile environment' was created, it was the fault of Defendant's attorney who was not adhering to the requirements of Rule 30(d)(1)." Id. at * 5. The Court then required defendant to answer the questions that had been posed and to pay plaintiff's attorney's fees incurred in moving to compel, pursuant to Fed. R. Civ. P. 37(a)(4). Id. at *7-8.

Mr. Ferl's conduct at his deposition and his refusal to answer proper questions is at least as egregious as the defendant's conduct in Southgate. Unlike the questions in Southgate, the answers to which arguably would not have been admissible, many of the questions Mr. Ferl refused to answer went directly to the heart of the lawsuit. Plainly, issues regarding the amount and distribution of ill-gotten gains between the defendants in an unjust enrichment case are discoverable. Plainly, the conversations between Mr. Ferl and former Mikohn employees regarding precisely the contract with which Mr. Ferl interfered are discoverable. These are issues that are well within the scope of relevant deposition testimony.

Mr. Ferl's refusal to answer questions tying him to the documents that are central to the lawsuit is equally improper. These are apparently handwritten notes taken by a Hasbro contemporaneously with Mr. Ferl's defamatory comments – notes taken while Mr. Ferl was actively interfering with Hasbro and Mikohn's business relationship. The fact that what appears to be either Mr. Ferl's cell phone number or the number of someone associated with Mr. Ferl is written on to the document ties him directly to the defamation and the interference. Moreover, the presence of the phone number begs several other questions: Whose number was it? Why was it there? Were there continuing contacts between Ferl and Hasbro? Were continuing contacts planned between Ferl and Hasbro?

As is in Southgate, Mr. Ferl is the source of the hostile deposition environment – not Mikohn. Federal Rule of Civil Procedure 30(d)(1) requires Mr. Ferl to answer the deposition questions asked of him. Mr. Ferl's apparent feeling that he does not belong in

this lawsuit does not excuse him from participating in discovery and from answering proper deposition questions.

## Conclusion

For the above stated reasons plaintiff respectfully demands that its motion to compel be GRANTED.

WHEREFORE, plaintiff seeks an order compelling defendant John Ferl to: 1) attend a deposition in Providence, Rhode Island at the offices of Vetter & White, 20 Washington Place, Providence, R.I. 02903 to answer those questions that Mr. Ferl refused to answer at his July 15, 2007 deposition; 2) pay the cost of hiring a court reporter to transcribe the record deposition; 3) pay the costs and fees incurred by Mikohn in filing and arguing this motion to compel; and 4) such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Thomas Connolly

Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., # 6729
Thomas Connolly, Esq., #7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: August 26, 2008

**CERTIFICATE OF SERVICE**

Greg Venturi
The Law Offices of Greg J. Venturi
1533 1/2 Centinela Avenue
Santa Monica, CA 90404

John Ferl
501 Herondo Street, No. 4
Hermosa Beach, California 90254

I hereby certify that I electronically filed the within Memorandum on August 26, 2008. The Memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Thomas Connolly