UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, INC., Plaintiff | ) | |
| v. | ) | C.A. No. 08-013/S |
| GREG VENTURI, and JOHN FERL, Defendants. | ) | |

**PLAINTIFF PROGRESSIVE GAMING INTERNATIONAL'S PRETRIAL CONFERENCE STATEMENT**

Pursuant to LR Cv. 16(b), plaintiff Progressive Gaming International, Inc. submits the following statement enumerating the elements that it must prove to sustain his claims against defendants. Plaintiff also provides citations to the relevant authorities upon which counsel relies.

**COUNT I – Champerty**

To prevail on a claim of champerty, plaintiff must show that the champertous party:

1) Prompted, procured, encouraged or otherwise helped in a lawsuit,
2) In which the champertous party has no legitimate interest,
3) In exchange for a financial interest in the outcome of the lawsuit.

Toste Farm Corp. v. Hadbury, Inc., 798 A.2d 901, 905 (R.I. 2002); State v. Chitty, 1 Bail. 379, *14-16 (S.C. 1830).

**COUNT II – Tortious Interference with Contract**

To prevail on a claim alleging tortious interference with contract plaintiff must show:

1) the existence of a contract,

2) the alleged wrongdoers' knowledge of the contract,

3) the alleged wrongdoers' intentional interference, and

4) damages resulting therefrom.

UST Corp. v. General Road and Trucking Corp., 783 A.2d 931, 937 (R.I. 2001);

Greensleeves, Inc. v. Smiley, 942 A.2d 284, 293 n.16 (R.I. December 13, 2007).

**COUNT III – Tortious Interference with Business Relations**

To prevail in a claim of tortious interference with business relations, plaintiff must show:

1) the existence of a business relationship or expectancy,

2) knowledge by the interferor of the relationship or expectancy,

3) an intentional act of interference,

4) proof that the interference caused the harm sustained, and

5) damages to the plaintiff.

Mesolella v. City of Providence, 508 A.2d 661, 669 (R.I. 1986)

**COUNT IV – Defamation**

To prevail in a claim of defamation, plaintiff must show:

1) The utterance of a false and defamatory statement concerning another,

2) An unprivileged communication to a third-party,

3) Fault amounting to at least negligence, and

4) Damages.

Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 95 (R.I. 2007).

**COUNT V – Unjust Enrichment**

To prevail in a claim of unjust enrichment, plaintiff must show:

1) A benefit conferred upon the defendants by the plaintiff,

2) Appreciation of the benefit by the plaintiff, and

3) There must be acceptance of such benefit in such circumstances that it would be inequitable for the defendants to retain the benefit.

Narragansett Elec. Co. v. Carbone, 898 A.2d 87, 99 (R.I. 2006).

**COUNT VI – Civil Conspiracy**

To prove civil conspiracy, plaintiff must show:

1) There was an agreement between two or more parties, and

2) The purpose of the agreement was to accomplish an unlawful objective or to accomplish a lawful objective by unlawful means.

Smith v. O'Connell, 997 F.Supp. 226, 241 (D.R.I. 1998)

/s/ Thomas Connolly
Brooks R. Magratten, Esq., #3585
Michael J. Daly, Esq., # 6729
Thomas Connolly, Esq., #7497
VETTER & WHITE
Attorneys for Plaintiff
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated:

**CERTIFICATE OF SERVICE**

Greg Venturi
The Law Offices of Greg J. Venturi
1533 1/2 Centinela Avenue
Santa Monica, CA 90404

John Ferl
501 Herondo Street, No. 4
Hermosa Beach, California 90254

I hereby certify that I electronically filed the within Statement of Elements on August 27, 2008. The Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Thomas Connolly