UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, INC., Plaintiff, v. GREG VENTURI and JOHN FERL, Defendants. | C.A. NO. 08-013S |
| JOHN A. FERL, Cross-Claimant, v. PROGRESSIVE GAMING INTERNATIONAL, INC. and HASBRO, INC., Cross-Defendants. | |

**CROSS-DEFENDANT HASBRO, INC.'s MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Cross-Defendant, Hasbro, Inc. ("Hasbro") hereby moves to dismiss the cross-claim filed against it by Greg Venturi for failure to state a claim upon which relief can be granted. In support of this motion, Hasbro attaches its memorandum of law.

Counsel for Cross-Defendant
Hasbro, Inc.

/s/ Todd D. White, Esq.
Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August 2008, I electronically filed the attached document with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and via e-mail:

Greg J. Venturi, Esq.
1533 1/2 Centinela Ave.
Santa Monica, CA 90404

John A. Ferl, Esq.
501 Herondo # 4
Hermosa Beach, CA 90254

Brooks R. Magratten, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Todd D. White, Esq.

*466167_1*

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PROGRESSIVE GAMING INTERNATIONAL, INC., Plaintiff, v. GREG VENTURI and JOHN FERL, Defendants. | : | |
| JOHN A. FERL, Cross-Claimant, vi. PROGRESSIVE GAMING INTERNATIONAL, INC. and HASBRO, INC., Cross-Defendants. | : | C.A. NO. 08-013S |

**CROSS-DEFENDANT HASBRO, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

## I. BRIEF FACTUAL BACKGROUND

Because this Court is familiar with the underlying case of *Hasbro, Inc. v. Mikohn Gaming*, Hasbro, Inc. ("Hasbro") will provide only an abbreviated overview. Hasbro sued the Plaintiff, Progressive Gaming International, Inc. ("PGI") (formerly known as "Mikohn Gaming") for breach of contract. The essential issue in that case was whether Mikohn had paid royalties to Hasbro for the license of Battleship and Yahtzee branded slot machines in the manner contemplated under the contract.

In the summer of 2005, Hasbro received an unsolicited contact by Greg Venturi, Esq. Mr. Venturi explained that he was representing an undisclosed principal who was aware of a Hasbro licensee which was significantly underpaying Hasbro. Ultimately, in order to obtain information to determine which one of its several hundred licensees might be underpaying it,

Hasbro was compelled to enter into a Finder's Fee Agreement with Mr. Venturi. After the Finder's Fee Agreement was executed, for the first time, Hasbro was informed that Mr. Venturi's undisclosed principal was John Ferl and the licensee in question was Mikohn. Mr. Ferl then explained the methodology utilized by Mikohn to allegedly underpay.

As this Court is aware, this case commenced trial in September of 2007. After the first day of trial, this Court helped fashion the terms of a settlement agreement.[1] In January of 2008, PGI filed the above-captioned civil action against Mr. Venturi and Mr. Ferl. PGI's civil action is a complaint for champerty, civil conspiracy and several other overarching allegations. Mr. Venturi is now attempting to implead Hasbro, Inc. as a cross-defendant.

## II. <u>STANDARD OF REVIEW</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may assert by motion the failure of a party to state a claim upon which relief may be granted. Although the standard for deciding a motion to dismiss for failure to state a claim on which relief can be granted is a high one and must be scrupulously applied, the district court is not oblivious to the heavy costs of modern federal litigation and mounting caseload pressures on federal courts, which counsel against launching into pretrial discovery if there is no reasonable prospect that plaintiff can make out a cause of action from events narrated in the complaint. *See*, *Baker v. Westinghouse Elec. Corp.*, 830 F.Supp. 1161 (S.D. Ind. 1993).

The purpose of the rule providing for the dismissal of the complaint on the basis that it does not state a claim upon which relief can be granted is to allow the court to eliminate actions which are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity. *Advanced Cardiovascular*

[1] The Court may be familiar with the settlement agreement as a result of the settlement discussions, but the substance of the agreement is technically confidential.

*Systems, Inc. v. Scimed Life Systems, Inc.*, 988 F. 2d 1157 (Minn. 1993). Such an action is present at bar and should be dismissed.

## III. ARGUMENT

In order to learn the identity of the licensee which purportedly was breaching a contract with Hasbro, as well as the circumstances of that breach, Hasbro had to enter into a Finder's Fee Agreement with Mr. Venturi. A copy of that Finder's Fee Agreement is attached (see **Exhibit A**) and was also attached as a part of Mr. Ferl's cross-claim against Hasbro. Therefore, this may be considered by the Court in the context of the present motion. Pursuant to the Finder's Fee Agreement, in order to learn the identity of the underpaying licensee and the method of payment, Hasbro became obligated to pay a certain amount of its recovery to Mr. Venturi's principal, Mr. Ferl. However, if Hasbro was unsuccessful in recovery then no payment would be made.

Section 4 of the Finder's Fee Agreement is an indemnification section. Subsection (a) of this indemnification provision states the following:

> **(a) Principal [John Ferl] shall indemnify and defend (with counsel approved by Hasbro) Hasbro, its parent, subsidiaries, affiliates, and related companies, and each of their respective directors, officers, employees and agents (the "Hasbro Indemnities") and shall hold the Hasbro Indemnities harmless from any loss, liability, damage, cost and/or expense (including reasonable attorneys' fees) arising out of any claims or suits which may be brought or made against the Hasbro Indemnities by reason of or relating to or arising from (i) the breach or alleged breach by the Principal of the Principal's warranties or representations in this Agreement, or (ii) the negligent or malicious conduct of the Principal. Hasbro agrees to give Principal prompt written notice of any such claims or suits. Principal's obligations under this Paragraph shall survive the expiration or termination of this Agreement.**

Therefore, pursuant to this section, it is clear that Mr. Ferl is obligated to indemnify Hasbro for his own negligent or malicious conduct. The underlying Complaint alleges that Mr. Ferl and Mr. Venturi defamed PGI as well as interfered with its business relations with

Hasbro. Thus, there are counts in the Complaint which sound in negligence and/or malicious conduct, for which Mr. Ferl is actually obligated to indemnify Hasbro - not the other way around.

Additionally, Part (b) of the Indemnification Agreement under Section 4 states the following:

> **(b) Hasbro shall indemnify and defend (with counsel approved by Principal) and shall hold the Principal harmless from any loss, liability, damage, costs and/or expense (including reasonable attorneys' fees) arising out of any claim or suits which may be brought or made against Principal by reason of or relating to or arising from the negligent or malicious conduct of Hasbro in pursuit of collection from Licensee. (<u>Provided, however, that this shall not apply to the extent that such claims or suit are based on information provided to Hasbro by the Principal.</u>) Principal agrees to give Hasbro prompt written notice of any such claims or suits. Hasbro's obligations under this Paragraph shall survive the expiration or termination of this Agreement.** (Emphasis added).

Although this section requires Hasbro to indemnify Mr. Ferl, the indemnification that Hasbro is obligated to provide only arises out of any claim or suit "from the negligent or malicious conduct of Hasbro in pursuit of collection from Licensee [PGI – formerly Mikohn] . . . ." There is no such allegation in the underlying complaint. Moreover, even if there were such an allegation, there is a critical caveat to this Section which states as follows:

> **". . . ([P]rovided, however, this shall <u>not</u> <u>apply</u> to the extent that such claims or suits are based on information provided to Hasbro by Principal)."** (Emphasis added.)

Thus, Hasbro is not obligated to indemnify Mr. Ferl (or Mr. Venturi) in any lawsuit which is based on information that Mr. Ferl provided to Hasbro. This caveat is <u>directly</u> <u>on</u> <u>point</u> in this case and was drafted to cover <u>this</u> <u>precise</u> situation. According to the Complaint filed by PGI, the claims against Mr. Ferl and/or Mr. Venturi emanated from:

> 31. … Venturi (sending) letters to Hasbro stating that Mikohn had improperly calculated royalties; and,

> 34. During discovery in the Hasbro lawsuit, it was revealed that defendants Ferl and Venturi offered to sell Hasbro "information" that could lead to Hasbro collecting significantly more money in royalties under the Agreement.
>
> 35. Venturi and Ferl's role in instigating the Hasbro lawsuit … .

This specific circumstance is a carved out exception to the indemnification obligation of Hasbro. In fact, the word "information" is so prominent is place in quotes in the Complaint. Mr. Venturi cannot now claim that this Complaint only focuses on "conduct". It clearly elucidates "information". Therefore, by the express language of the Finder's Fee Agreement Hasbro has no obligation to indemnify Mr. Ferl or Mr. Venturi.

Additionally, in the "Disclosures" section of the Finder's Fee Agreement, Mr. Ferl and/or Mr. Venturi warrant as follows:

> **(c) Principal has the legal right to disclose to Hasbro any information, oral or written, that Principal discloses to Hasbro, and such disclosure of information and Hasbro's use of the same will not violate any obligation, duty or contract with respect to confidentiality or non-disclosure of information, or any law, rules, and regulations, nor give rise to any civil liability on the part of Principal or Hasbro.**

Therefore, Mr. Ferl provides a warranty that this information will not give rise to civil liability. Pursuant to Rule 12(b)(6), Mr. Ferl and Mr. Venturi have no cognizable cause of action or cross-claim against Hasbro. Hasbro is not a viable party in this case. There is no need to pursue any additional discovery or undertake any investigation. The plain language of the Finder's Fee Agreement, which is the document that establishes the obligations and duties between Hasbro, Mr. Ferl and/or Mr. Venturi, makes it clear Hasbro has no obligation to indemnify either Mr. Ferl or Mr. Venturi when a suit is based on the information Mr. Ferl provided to Hasbro.

## IV. CONCLUSION

WHEREFORE, Hasbro, Inc. respectfully requests that this Court dismiss it as a cross-defendant in this case with prejudice and award any and all costs that this Court deems reasonable for Hasbro's defense in this action.

Counsel for Cross-Defendant
Hasbro, Inc.

/s/ Todd D. White, Esq.

Todd D. White, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
(401) 274-7200
Fax: (401) 751-0604

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August 2008, I electronically filed the attached document with the Court using the ECF system. The following counsel of record are registered with the Court and will be served electronically through the ECF system and via e-mail:

Greg J. Venturi, Esq.
1533 1/2 Centinela Ave.
Santa Monica, CA 90404

John A. Ferl, Esq.
501 Herondo # 4
Hermosa Beach, CA 90254

Brooks R. Magratten, Esq.
Michael Daly, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Todd D. White, Esq.

*466167_1*