GREG J. VENTURI
1533 ½ Centinela Ave.
Santa Monica, CA 90404
In Propria Persona

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.** | } | **C. A. No. CA 08 013S** |
| **Plaintiff,** | } | |
| vs. | } | **DEFENDANT AND CROSS-COMPLAIN-ANT GREG VENTURI'S PRETRIAL CONFERENCE STATEMENT** |
| **GREG VENTURI and JOHN FERL** | } | **Sept. 4, 2008, 9:00 a.m.** |
| **Defendants.** | } | |

Pursuant to LR Cv 16 (b), Defendant and Cross Complainant, Greg Venturi submit the following statement enumerating the elements that must be proved to sustain his defense of the Complaint, and his claims against the Cross-defendants.

**Complaint, Count I - Champerty**

This count was dismissed by the Court, after hearing on Defendants' motion to dismiss.

**Complaint, Count II - Tortious Interference with Contract**

Plaintiff must prove: 1) the existence of a contract, 2) the alleged wrongdoer's know-ledge of a contract, 3) intentional interference, 4) proof that the alleged interference caused the harm alleged to have been sustained. Defendant contends that there was no "intent to interfere, and no "interference," and that the claimed damages did not result from his conduct. *UST Corp. v. General Road and Trucking Corp., 783 A. 2d 931, 937 (R.I. 2001); Greems;eeves. Omc/ v/ S,o;eu 942 A/ 2d/ 284. 293 M/ 16 (R/O/ Dece,ber*

*13. 2007*

**Complaint, COUNT III - Tortious Interference with Business Relations**

Plaintiff must show: 1) the existence of a business relationship or expectancy, 2) knowledge by the alleged interferor of the relationship or expectancy, 3) an intentional act of interference, 4) proof that the alleged interference caused the harm Sustained; and 5) damages to the plaintiff proximately resulting from the conduct af the Defendant. Defendant contends that 1) 3), 4) and 5) will not be proved by Plaintiff, and that Plaintiff's own conduct resulted in its alleged loss See *Mesolell v. City of Providence,* 508 A. 2d 661, 669 (R.I. 1986)

**Complaint,COUNT IV - Def\amation**

The utterance of a false and defamatory statement which is not barred by the statute of limitations, 2) an unprivileged communication to a third party, 3) Fault amounting to at least negligence, and 4 ) damages proximately resulting therefrom. Plaintiff contends, that as to him, the only such statement is written, is subject to privilege, in that it is a statement of opinion, that it is not false, and it caused no damage to Plaintiff. *Avilla v. Newport Grand Jai Alai LLC* 935 A. 2d 91, 95 (R.I. 2007

**Complaint, COUNT V - Unjust Enrichment**

1) A benefit conferred upon the Dfendants by the Plaintiff, 2) appreciation of the benefit by the plaintiff, and 3) there must be acceptance of such benefit under circumstances that show it to be inequitable for the Defendant(s) to retain the benefit. Defendant contends that the benefit in question was not conferred by Plaintiff, and that defendant(s) have done nothing inequitable under the circumstances.

*Narragansett Elec. V. Carbone*, 898 A. 2d 87, 99 (R.I 2006)

**Complaint COUNT VI - Civil Conspiracy**

Plaintiff must show 1) there was an agreement between two or more parties, and 2) the purpose of the agreement was to accomplish an unlawful objective or to accomplish a lawful objective by unlawful means, resulting in damages to Plaintiff. Defendant contends that there was no unlawful objective or unlawful means employed. *Smith v. O'Connell* 997 F. Supp. 226, 241 (D.R.I. 1998)

**Cross-claim/complaint COUNT I - Breach of Contract**

Cross-Complainant must prove 1) the existence of a contract, 2) breach thereof, and 3) damages proximately caused thereby. Defendant Hasbro contends that there is a proviso in the Complaint which absolves it from defending, and Cross-Claimant Contends that the circumstances are such that the complaint is not alleging a claim Based upon information obtained from this defendant, but rather focuses on his conduct, and that as an agent of an agent, a related person, or an assignee, he is entitled to indemnification; and would like to amend his pleading to include a cause Of action for breach of contract against PGIC, in that he just learned, pursuant to A stipulation allowing him to view the confidential settlement agreement in the underlying Hasbro v. Mikohn case, that Mikohn/PGIC breached that agreement by bringing suit against "related persons," "assignees," and/or "agents," contrary to the terms thereof. Inasmuch as Mikohn/PGIC was aware from discovery in the underlying case, that Cross-Complainant/Claimants are "related persons, "assignees," and/or related persons, its intent was to agree not to sue individuals in Cross-Complainant/Claimants' class, AND specifically, Greg Venturi and John A Ferl.

This information entails amending the complaint to show that the Cross-claimant(s) are third party beneficiaries, and have standing to sue, and possibly dismissing the Cross-Complaint against Hasbro Inc. if its intent was to include Cross-Complainant(s) In the release provision of the settlement agreement in the underlying class. Plaintiff Is discussing the possibility of amending the complaint without necessity of motion.

**Cross-Claim, COUNT II - Negligent interference/Breach of Contractual relations against PGIC; Intentional interference with contractual relations.**

Cross-Claimant must prove the same elements as Plaintiff in the Complaint, Count II, and the language therein is refered to, and by this reference incorporated herein.

Respectfully submitted,

GREG J. VENTURI, Dfefendant and Cross-Complainant/
Claimant, in Propria Persona

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed at 501 Herondo, # 4, Hermosa Beach, CA 90254

On August 19, 2008, I served the following document(s) on the party or parties listed below:

**Defendant and Cross-Complainant's Pretrial Conference Statement**

_X__ I sent such document by facsimile machine (310) 828-4000 on August 29 , 2008 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

__X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

Todd White
Adler, Pollock & Sheehan P.C.
One Citizen's Plaza 8th Flr.
Providence, R.I. 02903-1345

John Ferl
501 Herendo Ave. # 4
Santa Monica, CA 90404

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 29 th day of August, 2008 at Los Angeles County, California

Greg J. Venturi