GREG J. VENTURI
1533 ½ Centinela Ave.
Santa Monica, CA 90404 (310) 828-4000 Fax No. (310) 821-0960
In Propria Persona Greg.Venturi@yahoo.com

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **GREG VENTURI and JOHN FERL** <br><br> **Defendants.** | **C. A. No. CA 08 013S** <br><br> **NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED CROSS-CLAIM (Rule15 (a) F.R.P.); DECLARATION IN SUPPORT OF MOTION** <br><br> **Date: NO DATE SET** <br> **Time** <br> **Dept.** |

## I. Notice of Motion and Relief Sought

**Notice is hereby given** that at the date, time and place above shown, Defendant, GREG J. VENTURI will move and does hereby move to dismiss the Complaint pursuant to Rule 15 (a) Federal Rules of Procedure, and for leave to file a First Amended complaint.

## II. Grounds for Motion

Greg Venturi, a defendant and Cross-claimant in this action, pursuant to a stipulation between the parties executed in late August, allowing for the production of confidential documents, to wit: THE SETTLEMENT AGREEMENT in the underlying Case of Hasbro Inc. v. Mikohn, discovered, for the first time, that the release provisions thereof, release "related persons," "agents,"and "Assignees" of Hasbro, Inc. AND that the said agreement also NAMES Cross-claimants Ferl and Venturi as Individuals to whom the amount of the settlement can be revealed. Accordingly, Defendant and Cross-Defendant just learned, for the first time in late August, that Hasbro did what it could to protect him against a suit by Mikohn/Progressive Gaming International, Inc.; and that Cross-Defendant, PGIC nevertheless knowingly breached the release provisions by bringing suit against Cross-Claimants Ferl and Venturi.

Inasmuch as Cross-Claimants are named in the settlement agreement, despite the fact that they were not signatories, they are third party beneficiaries, and empowered by that status to bring suit here for breach of the settlement agreement, directly against PGIC.

In support of this contention, Greg Venturi shows:

1. The motion is timely, having been made promptly after discovery.

2. Cross-Defendant having been aware of the release language, is not unduly prej-udiced.

8. All of the facts set forth above are sworn to in the Declaration of Greg J. Venturi.

9. The law governing the motion for leave to file a First Amended Cross-Claim is more fully explained in the following Memorandum of Points and Authorities

**III. Support for Motion**

This motion is based upon this notice, the Motion, the files and records of the Court, the points and authorities in support of this motion, and such testimony or argument as may be made at hearing.

Dated: Sept. 11, 2008

GREG J. VENTURI in Propria Persona

**IV. POINTS AND AUTHORITIES IN SUPPORT 0F MOTION TO DISMISS**

**A. FACTUAL BACKGROUND.**

Defendant, and moving party, GREG J. VENTURI, is a resident of the State of California. He contacted Hasbro Corporation, a Rhode Island Corporation, with its principal place of business in Rhode Island. Defendant Ferl had information from persons associated with Mikohn, now Progressive Gaming, a Nevada Corporation, doing business principally in Nevada, to the effect that Mikohn

had understated casino machine revenues derived from Licensing agreements with

Hasbro. Hasbro drafted an agreement with him, wherein it had the sole discretion to decide whether or not to pursue an action against Mikohn, (and to decide what the nature of the counts in that suit would be) and to pay the undisclosed principal a finder's fee. The Venturi-Hasbro agreement was drafted by Hasbro in Rhode Island, and accepted and signed by Defendant, Greg Venturi, in California.

Said Defendant had no duties to be performed in Rhode Island, and no duty to participate in the litigation, if any; and was not obligated to give any testimony, or be a witness, or to give any testimony of sufficient weight and materiality so as to influence the Litigation, if Hasbro proceeded against Mikohn.

Hasbro, in "its sole discretion," opted to pursue litigation against Mikohn in Rhode Island, and that case has been settled, pending final payment by Mikohn to Hasbro of the full settlement amount. Defendant and moving party, Ferl, did not participate in the Hasbro v. Mikohn litigation or provide any information of a material nature regarding the issues of that suit. He was, however, deposed by Mikohn therein, pursuant to subpoena, as was Defendant and Cross-Claimant Venturi, in the underlying case. In August, 2008, their depositions,and the depositions of two witnesses who had previously been deposed in the underlying case were also taken in California and Las Vegas, respectively. Shortly thereafter, the parties in this case entered into a stipulation whereby the moving party became Privy, for the first time, to the confidential settlement agreement in the underlying case and he discovered that his grounds for pursuing Hasbro, Inc. for breach of that contract were more appropriately addressed to PGIC. Consequently, he is dismiss-

sing Hasbro, and now attempting to assert a breach of contract count against PGIC, which appears, from the language of the settlement agreement, and the Cross-Claimant's understanding of the intent of the parties and the circumstances, to show PGIC in negligent or intentional breach of a settlement agreement which it knew was intended to release Cross-Claimant, in addition to having interfered with Cross-Claimant's contractual relations.

**B. DISCUSSION.**

1. RULE 15 (a) of the Federal Rules of Procedure indicates that leave to amend should be "freely given when justice so requires." FRCP subdivision (a) encourages the Court on requests to amend. This proposition has been reinforced in enumerable judical federal appellate and district court cases alike. F.P.& P. Wright, Miller & Kane Section 1484, pp. 592-594, West, 1990

If no prejudice is found, leave to amend will normally be granted. *Yellow Bus Lines, Inc. v. Drivers, Chaufuers, & Helpers Local Union 639* 883 Fed 2d 132 (CADC 1989) Cert. Denied 111 S.CT. 2839, 501 U.S. 1222 The District Court's discretion to dismiss without leave to amend is severely restricted by the procedural rule which directs that leave to amend shall be freely given when justice so requires. *Bank v. v. Pitt* 928 Fed 2d 1108 (CA 11 1991)

**C. CONCLUSION.**

Leave to amend should be granted in the interest of justice, the proposed First Amended Complaint should be deemed filed, and the answer of Cross-Defendant PGIC to the Cross-Claim should be deemed filed.

Respectfully submitted,

GREG J. VENTURI in Propria Persona

# PROOF OF SERVICE

**STATE OF CALIFORNIA )**
**) ss**
**COUNTY OF LOS ANGELES )**

I am employed at 501 Herondo, # 4, Hermosa Beach, CA 90254

On Sept 13, 2008, I served the following document(s) on the party or parties listed below:

**Motion to File First Amended Cross-Claim; Proposed Cross-Claim**

___ I sent such document by facsimile machine (310) 828-4000 on , 2006 I certify that said transmission was completed, that all pages were received as reflected by the report generated by said facsimile machine, confirming said transmission and receipt. I thereafter mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the party(ies) addressed as set forth below.

_X_ by placing the document(s) shown above in a sealed envelope with postage fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

___ by personally delivering the document(s) listed above to the person(s) at the addresse(es) set forth below

___ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid and deposited with the Federal express at Los Angeles, CA, addressed as set forth below.

Michael J. Daly
Thomas Connolly
Vetter and White
20 Washington Place
Providence, RI 02903

The Hon. William E. Smith
U.S. District Court for the District of Rhode Island
Attn: Clerk's Office, One Exhange Terrace
Providence, RI 02903 (Opposition to Motion Only)

John A. Ferl
(Hand Delivered)

Todd White
Adler Pollock & Sheehan P.
One Citizen's Plaza, 8th Flr.
Providence, R.I. 02903-1345

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown by this affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed this 13 th day of Sept., 2008 at Los Angeles County, California

Greg J. Venturi