GREG J. VENTURI
1533 ½ Centinela Ave.
Santa Monica, CA 90404
In Propria Persona

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **PROGRESSIVE GAMING INTERNATIONAL, INC.**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**GREG VENTURI and JOHN FERL**<br><br>**Defendants.** | **C. A. No. CA 08 013S**<br><br>**(PROPOSED) FIRST AMENDED CROSS-CLAIM**<br><br>**1. Breach of Contract**<br>**2. Negligent interference with Contractual Relations**<br>**3. Intentional Interference with Contractual relations** |
| **GREG J. VENTURI**<br><br>**Cross-Claimant**<br><br>**vs.**<br><br>**PROGRESSIVE GAMING INTERNATIONAL, INC.**<br><br>**Cross-Defendant** | |

**I. Parties.**

1. Cross-Claimant, GREG J. VENTURI, is a California Citizen, and an attorney Licensed and residing therein.

2. Cross-claimant is informed and believes, and on such basis alleges, that Cross-Defendant, Progressive Gaming International, Inc. is a Nevada Corporation with its principal place of business in Las Vegas, Nevada; and is the successor in interest to Mikohn Gaming Corporation (Progressive Gaming International, Inc. and Mikohn Gaming Corporation, hereinafter referred to as "Mikohn.")

**Facts common to all Causes.**

3. Cross-Claimant, GREG J. VENTURI entered into a finder's fee agreement with Cross-Defendant, Hasbro, Inc., a copy of which is attached hereto, and by this reference, incorporated herein as Exhibit "A," on the date shown thereon. At all times relevant, Cross-Claimant, Greg J. Venturi, Esq. was the agent, and acting for, Defendant and Cross-Complainant, John A Ferl, and he was a related person, the agent of, and assignee of Hasbro, Inc.

4. Hasbro, Inc. commenced litigation against Cross-Defendant Progressive Gaming, etc. (PGIC) alleging damages for breach of contract, among other things, in excess of 6 million, which was settled for 2.7 million; and Hasbro, Inc. was the prevailing party.

5. Cross-Defendant, PGIC was aware of the finder's fee agreement (Exhibit "A"), and obtained a copy thereof in the aforesaid Hasbro v. Mikohn litigation.

6. Cross-Defendant PGIC commenced a suit in Rhode Island against Cross-Claimant, despite having settled with Cross-Defendant Hasbro, Inc.

7. Cross Claimant is informed and believes that the suit Cross-Defendant commenced against Cross-Claimant was brought to punish, deter and harass Cross-Claimant and those presently employed or past employees of PGIC who "blew the whistle" on PGIC, and provided information which led to the aforesaid settlement.

FIRST CAUSE 0F ACTION FOR (NEGLIGENT) BREACH 0F CONTRACT AGAINST CROSS-DEFENDANT, PGIC

8. Cross-Claimant refers to Paragraphs 1-8 hereof, and by this reference, incorporates the same herein, as though set forth in full.

9. Hasbro, Inc. and Cross-Defendant entered into a confidential settlement Agreement in the underlying suit, which had language therein releasing Cross-Claimant, Who is a third party beneficiary thereunder. Cross-Defendant, PGIC has a copy of said settlement agreement; and stipulated with Hasbro, Inc. and Cross-Claimant that Cross-Claimant shall have the right to receive a copy thereof, in August, 2008. Hasbro, Inc. had a duty thereunder to provide for the release of "related persons," "agents,"and "assignees" of Hasbro, Inc.from PGIC, which it did; and PGIC was aware of, and likewise intended to release such classes of persons, of which Cross-Claimant is one, and has standing to sue, as a third party beneficiary, for breach of said agreement by Cross-Defendant. Cross-Defendant had a duty not to bring suit against Cross-Claimant; and breached said duty, to Cross-Claimant's detriment.

10. As a direct and proximate result of Cross-Defendant PGIC's aforesaid breach, Cross-Claimant has been damaged and incurred expenses to defend said suit, the full extent of which Cross-Claimant is not fully aware. Cross-complainant will amend this suit when the same have been ascertained.

SECOND CAUSE 0F ACTION FOR NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST CROSS-DEFENDANT, PGIC

11. Cross-Claimant refers to Paragraphs 1-10 hereof, and by this reference incorporates the same herein, as though set forth in full.

12. Cross-Defendant, PGIC, negligently interfered with the contractual relations between Cross-Claimant and Hasbro, Inc. in that Cross-Claimant is informed and believes, and on the basis of such information and belief, alleges that Cross-Defendant PGIC knew, or should have known that in settling with Hasbro, Inc., in the underlying case, it released Hasbro and its agents, and/or agents of Hasbro's agents, including Cross-Claimant herein, and the complaint filed by PGIC against Cross-Claimant therefore interferes with Cross-Claimant's agreement with Hasbro, Inc.; and knew, or should have known that Hasbro, Inc. had secured a substantial settlement and was the prevailing party in the underlying suit. It also knew or should have known that under such circumstances, its count for Champerty and Maintenance against Cross-Claimant was spurious and frivolous;

13. As a direct and proximate cause of said interference, Cross-Claimant has been harmed and damaged, and has and will incur expenses to defend, the full extent of which has not yet been ascertained, and Cross-Claimant will amend this Cross-Complaint when the same have been ascertained.

THIRD CAUSE 0F ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST PGIC

14. Cross-Complainant refers to Paragraphs 1-10 and 13 hereof, and by this reference incorporates the same herein, as though set forth in full.

15. Cross-Complainant is informed and believes, and on such basis alleges that Cross-Defendant PGIC intentionally interfered with the finder's fee Agreement between Cross-Complainant and Hasbro, Inc. by bringing this action with malice and intent to harm, and with the intent to deter, punish and harass Cross-Complainant; And said Cross-Defendant knew full well that it had entered into a release and settlement agreement with Hasbro, Inc. in the underlying case referred to by Cross-Defendant in its Complaint; and knew that Hasbro, Inc. was the prevailing party and had secured a substantial settlement in the underlying suit. Cross-Defendant knew,

or should have known that under the circumstances its Count for Champerty and Maintenance was frivolous; and it nevertheless opted to intentionally, and with malice aforethought, deter, punish and retaliate against Cross-Claimant.

WHEREFORE, Cross-Complainant prays for:

1. Damages on his first cause of action.
2. Damages attorneys fees, punitive and exemplary damages on his second cause of action.

3. Such other and further relief, as to the court seems just.

Dated: Sept. 9, 2008

GREG J. VENTURI, In Propria Persona